OPINION ON PETITION FOR REHEARING
PER CURIAM.
Appellant contends that his conviction, Fla.App., 424 So.2d 766, of grand theft should be set aside because the automobile he was guilty of stealing was “inoperable,”[1] and therefore was not a “motor vehicle,” as used in the grand theft statute, Section 812.014(2)(b).4, Florida Statutes (1981). The trial judge disagreed, and so did the jury. We record our interpretation of the grand theft statute in response to appellant’s motion for rehearing urging that we do so, since there appears to be no other written opinion from a Florida court on this particular issue.
Section 812.014, adopted in 1977, unlike its predecessor statute (Section 812.-011(3), Florida Statutes (1975)), does not define “motor vehicle.” We find no basis upon which to make an exception for “inoperable” motor vehicles. Cases interpreting “motor vehicle” for insurance coverage purposes are not analogous, in our opinion. Cf. Ward v. Florida Farm Bureau Casualty Insurance Company, 375 So.2d 898 (Fla. 1st DCA 1979); Malen v. American States Insurance Company, 376 So.2d 473 (Fla. 1st DCA 1979).
We have also considered and rejected as harmless any error in the admission of the owner’s testimony that he received an offer of $500.00 for the car, and we further find no abuse of discretion in the trial judge’s rulings on instructions to the jury.[2]
We adhere to our decision of affirmance.
LARRY G. SMITH, SHAW and JOA-NOS, JJ., concur.

. The property stolen was a 1955 Belair Chevrolet, for which the owner had paid $50.00. The car had been in an open field in a recreational vehicle sales lot for approximately three years. That the car was inoperable is not disputed. The engine was “locked up,” the tires were flat, and it had not been driven since the owner purchased it.

. Over objection, the trial court instructed the jury on the definition of “motor vehicle” as follows:
Now, a motor vehicle is an automobile or it is any property that meets that description as you understand it and which is designed for or is capable of being rendered operable on the streets and highways of the State and county.
In answer to a question from the jury, after they had been deliberating for some time, whether a vehicle was required to be operable to be termed a “motor vehicle,” the court further instructed the jury:
The definition that I gave of a motor vehicle was what is commonly known as a motor vehicle, an automobile, or any of the machines that are designed for and are generally used on public highways and are self-propelled rather than being manually operated or pushed. A motor vehicle is a motor vehicle if it is designed for that purpose and it is capable of being made operable by proper repairs, whether it is operable or not.