MILLS, Judge.
McElveen appeals his conviction and sentence for possession of more than twenty grams of cannabis. He raises two issues on appeal. We reject McElveen’s first contention that the chain of custody of the cannabis was not established, but we agree with his second contention that the trial court erred in sentencing him as an habitual felony offender.
While arresting McElveen, Officer Roberts of the Live Oak Police Department seized a bag containing what Roberts thought was cannabis. He subsequently mailed the contents to the Tallahassee Regional Crime Lab for identification. Roberts testified that the contents were in a plastic bag which, in turn, was in a brown paper bag. He further testified that he put the double-bagged substance into a cardboard box and sent it by certified mail to the lab.
Phaffman, a chemist at the lab, testified that she received the cardboard box from Roberts, but that the enclosed substance was double-bagged in two plastic bags, not in a plastic inner bag and a paper outer bag the way Roberts had testified he sent it. Phaffman performed various tests and determined the substance weighed 327 grams and that it contained cannabis.
Roberts testified that he got the substance back from the lab in the same cardboard box and plastic inner bag, but that the paper outer bag had been replaced with a plastic bag.
Defense counsel objected to admission of the cannabis into evidence on the grounds that this discrepancy in the testimony made it impossible for the State to establish the chain of custody. The trial court overruled the objection and admitted the cannabis into evidence. McElveen now contends this was error because the testimony concerning the packaging of the cannabis indicated probable tampering, thereby placing the burden on the State to prove there was no tampering with the evidence.
The proper test in this instance for determining whether the chain of custody was established is whether there was an indication of probable tampering with the evidence. Stunson v. State, 228 So.2d 294 (Fla.3d DCA 1969). The question then becomes whether the testimony concerning the packaging of the cannabis indicated probable tampering. We think not.
There was no indication that anyone had tampered with the substance itself or with the plastic inner bag. Also, one of the witnesses may have been confused about the packaging. Here, the possibility of tampering did not rise to the level of a probability. The trial court properly admitted the cannabis into evidence.
McElveen’s other contention is that the trial court based its finding, that sentencing McElveen to an extended term of imprisonment pursuant to Section 775.084, Florida Statutes (1981), was necessary for the protection of the public, on uncorroborated hearsay in the presentence investigation report (PSI). This, of course, would violate due process requirements. Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979); *638 Eutsey v. State, 383 So.2d 219 (Fla.1980). We find the trial court relied on uncorroborated hearsay in the PSI report and therefore vacate the sentence and remand for a new sentencing hearing.
At the sentencing hearing, the State offered a certificate of parole and documentary proof of two prior felony convictions. The PSI report was also before the trial court. No witnesses were called. From those documents, the trial court made its sentencing determination.
Defense counsel objected to consideration of the PSI report, objecting specifically to hearsay statements made by the parole officer and others. McElveen himself also addressed the trial court and contested matters in the PSI report. With these objections before the court, the State was obligated to provide corroborating witnesses subject to confrontation and cross-examination by the defendant. See Adams, 376 So.2d at 50.
The State asserts that the determination that an extended sentence was necessary for the protection of the public was not based on the PSI report but on the proof of two prior felony convictions and the certificate of parole. This assertion, however, is not supported by the trial court’s written findings. Among the items specifically considered by the court were “appropriate matters” in the PSI report, “the comments of his [McElveen’s] probation officer as reflected in the presentence investigation report,” “the high number of crimes committed by the Defendant,” and “the great length of time the Defendant has been involved with the criminal justice system.” Obviously, the trial court relied on uncorroborated hearsay in the PSI report.
Accordingly, the sentence is vacated and the case is remanded for resentencing. The conviction is affirmed.
SHIVERS and ZEHMER, JJ., concur.