459 So.2d 1098 (1984)
James CUTHBERT, Appellant,
v.
STATE of Florida, Appellee.
No. AW-272.
District Court of Appeal of Florida, First District.
November 6, 1984.
Rehearing Denied December 11, 1984.
*1099 Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., for appellee.
NIMMONS, Judge.
Cuthbert appeals his convictions and sentences for attempting to cause a riot (Count 1), aggravated assault (Count 2) and aggravated battery (Count 3). These offenses arose out of a major disturbance which occurred at the Cross City Correctional Institution where Cuthbert was an inmate. Cuthbert was tried by jury and convicted on each of the above counts. We affirm the convictions. However, sentencing errors occurred which require resentencing.
The trial court adjudged the defendant to be a habitual offender under Section 775.084, Florida Statutes (1983). However, the court failed to make the requisite findings necessary to sentence a defendant as a habitual offender. Although finding: (1) that the defendant had been previously convicted of a felony within the requisite period prior to the commission of the new offense for which he was to be sentenced; (2) that he had not been pardoned from that earlier conviction; and (3) the earlier conviction had not been set aside in any post-conviction proceeding; nevertheless, the court failed to make the requisite findings to support the conclusion that sentencing the defendant as a habitual offender was necessary for the protection of the public from further criminal activity of the defendant as required by Section 775.084(3). See Eutsey v. State, 383 So.2d 219, 226 (Fla. 1980); Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984); Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979); Chukes v. State, 334 So.2d 289 (Fla. 4th DCA 1976).
Actually, the sentences imposed by the trial court did not exceed the statutory maximums and, therefore, extended terms under the habitual offender law were not imposed. Instead, the trial judge, for purposes of the application of the sentencing guidelines under Fla.R.Cr.Pr. 3.701, relied upon his adjudication of habitual offender status in reclassifying aggravated battery (the offense chosen as the "primary offense at conviction") from a second degree felony to a first degree felony. By doing this, 42 more points were added to the defendant's guidelines score. This moved the defendant's score into the next higher sentence range cell.[1] This was error. The habitual offender law neither mandates nor authorizes the reclassification of offenses. The trial court relied upon the following Committee Note to Rule 3.701 d.10:
If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category.
Such reliance was misplaced. Section 775.084 only authorizes the imposition of sentences which exceed the normal statutory maximum. The crimes are not reclassified.[2] See Webb v. State, 410 So.2d 944 *1100 (Fla. 1st DCA 1982); Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978).[3]
Next, the state argues that even if the primary offense (aggravated battery) could not be reclassified under the habitual offender law, it could be so reclassified under Section 775.087(1), Florida Statutes (1983)[4] because of the defendant's use of a weapon. Such argument is, of course, without merit inasmuch as Section 775.087(1), by its own explicit terms, has no application to offenses in which the use of a weapon is already an essential element. The information specifically charged the defendant with aggravated battery under Section 784.045(1)(b). That section requires the use of a deadly weapon and the information so alleged. See Webb v. State, supra, and Williams v. State, 358 So.2d 187 (Fla. 4th DCA 1978).
The other point raised by the appellant asserts that the evidence was insufficient to support the conviction under count one of attempting to cause a riot. We find such assertion to be without merit and therefore affirm the convictions.
Finally, our review of the record has disclosed certain obvious inadvertent errors in the judgment which should, on remand, be corrected by the trial court. The judgment erroneously reflects that the Count II crime of aggravated assault is a second degree felony. It is, of course, a third degree felony. Also, the Count III crime is erroneously reflected to be aggravated assault instead of aggravated battery. We also note that the guidelines scoresheet erroneously shows the primary *1101 offense at conviction to be "attempting to cause a riot" whereas the transcript of the sentence proceeding shows that the trial judge actually used the aggravated battery offense as the primary offense. The trial court, on remand, should direct the preparation of a new guidelines scoresheet.
Affirmed in part, reversed in part and remanded for resentencing consistent with this opinion.
SHIVERS and WENTWORTH, JJ., concur.
NOTES
[1] The trial judge also added 12 more points by scoring victim injury as "severe" instead of "moderate." This moved the defendant's score into an even higher sentence range cell. However, no issue is raised regarding the 12 additional points.
[2] In its brief, the state argues that a "Comment" to d.10 contained in the "Guidelines Manual" prepared by the Florida Sentencing Guidelines Commission lends support to the trial court's construction of d.10 as authorizing reclassification of the primary offense by reason of habitual offender status. The state also suggests that such "Comments," along with the Rule, have been adopted by the Florida Supreme Court. The portion of the Comment relied upon by the state is as follows:

The legislature has also provided that enhanced penalties may be imposed under specific circumstances (§ 775.084, Fla. Stat. (1981), habitual offender, § 775.087, Fla. Stat. (1981), use of a weapon or firearm in commission of a felony, and § 775.0845, Fla. Stat. (1981), wearing a mask while committing an offense). Thus, a felony of the first degree may be reclassified as a life felony, a felony of the second degree reclassified as a felony of the first degree, and a felony of the third degree reclassified as a felony of the second degree.
In the first place, while the Rule's Committee Notes have been adopted as a part of the Rule, see The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984), no such imprimatur has been accorded the Commission's Comments. Secondly, although one might reasonably construe the subject comment as expressing the view that d.10 authorizes reclassification of the primary offense by reason of habitual offender status, such view is patently erroneous. Indeed, the Commission itself has acknowledged as much by recognizing the confusion generated by its above quoted comment and striking the same:
The elimination of that language should make clear that the extended term provision of the Habitual Offender statute is separate and distinct from the provisions of those statutes which permit enhancement by reclassification of felony degree.
Minutes, Sentencing Guidelines Commission meeting, March 16, 1984.
[3] The question arises, what with all the various recent changes in the Florida sentencing law wrought by Sentencing Guidelines and the "Correctional Reform Act of 1983" (Chapter 83-131, Laws of Florida), as to the present viability of the habitual offender law. As best we can tell, the habitual offender law is not directly affected by these new provisions in Florida's sentencing milieu. Under current practice, if the trial court, in accordance with the provisions of Section 775.084, finds the defendant to be a habitual offender and that it is necessary for the protection of the public to sentence the defendant to an extended term, the court will still be able to impose an extended term up to the periods of time set forth in Section 775.084(4); provided, however, that if the term exceeds the sentencing guidelines range, the court will have to comply with Rule 3.701 d.11 by stating in writing "clear and convincing reasons" for departure from the guidelines. See Brady v. State, 457 So.2d 544 (Fla. 2nd DCA 1984). Probably, in most cases, the reasons which the trial judge articulates, as required under Eutsey v. State, 383 So.2d 219 (Fla. 1980), see also Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984), for the imposition of a habitual offender extended sentence will also constitute clear and convincing reasons for departing from the guidelines. But such reasons would still have to be set forth in a written statement by the court as required in Rule 3.701 d.11 notwithstanding the fact that the findings of fact required by the habitual offender law may be either in writing or reported in the transcript of the sentencing hearing. See Eutsey at p. 226.
[4] Section 775.087(1) provides in part:

(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows: ...