459 So.2d 1175 (1984)
William Louis GANN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 84-662.
District Court of Appeal of Florida, Fifth District.
December 6, 1984.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a sentence. Appellant asserts the judge did not follow the sentencing guidelines as he should have. It is apparent to us that the judge, while a bit hesitant and unsure about it, actually sentenced appellant as an habitual offender under section 775.084, Florida Statutes (1983). The hesitation is quite understandable because even the Sentencing Guidelines Commission is having difficulty getting a hard and fast set of rules and comments to the rules. In October of 1983 the Commission printed in its Guidelines Manual as a comment to Florida Rule of Criminal Procedure 3.701(d)(10) that an enhanced penalty under the habitual offender statute may result in a reclassification of the degree of the crime. Sentencing Guidelines Commission, Guidelines Manual, at 4 (Oct. 1983). This comment was never adopted by the supreme court and was the cause of the trial court's confusion below. In March of 1984 the Commission voted to strike this comment to make clear that the extended term provision of the habitual offender statute does not allow for reclassification of the felony degree. Minutes of Sentencing Guidelines Commission Meeting held March 16, 1984.
Section 775.084 is a statute regarding habitual offenders. It was correctly applied in this case. We agree with the Second District Court of Appeal that a finding in accordance with the habitual offender statute is sufficient to take the sentence out of the guidelines. Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984). We hold that once the offender is not to be entitled to be sentenced under the guidelines then the only limit to the sentence is the statutorily provided maximum as found in section 775.082 and section 775.083, Florida Statutes.
AFFIRMED.
COBB, C.J., concurs.
SHARP, J., concurs in result only.