461 So.2d 995 (1984)
Kurtis SMITH, Etc., Appellant,
v.
STATE of Florida, Appellee.
No. 84-138.
District Court of Appeal of Florida, Fifth District.
December 20, 1984.
*996 James B. Gibson, Public Defender, and Lucinda Young, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant Kurtis Smith appeals his sentence after entering nolo contendere pleas to grand theft and aggravated assault. During discovery, the state had filed notice that it intended to seek an enhanced penalty under the habitual offender act, section 775.084, Florida Statutes. Smith elected to be sentenced under the sentencing guidelines. A scoresheet showed a recommended sentence of twelve to thirty months incarceration.
Over objection, the state introduced a pre-sentence investigation report which revealed that Smith had a lengthy prior adult criminal record relating back to 1969. At the hearing, the state presented the probation-parole investigator who prepared the PSI. On cross-examination, he testified that in compiling the PSI, he used information from an FBI rapsheet, FDLE rapsheet and Orange County Sheriff's Office rapsheet. Smith acknowledged a conviction for burglary of a conveyance on August 31, 1977, but objected to use of the PSI, arguing that a rapsheet was not sufficient evidence of prior convictions and constituted hearsay.
The trial court found that based on the 1977 burglary conviction and sentence, Smith was an habitual offender. Finding that an extended sentence was necessary for the protection of the public because of Smith's extensive criminal record, the court sentenced him to consecutive sentences of seven and one-half years on each charge. The written reason for departure was stated as follows:
Court found defendant to be an habitual offender and imposed extended terms of imprisonment pursuant to F.S. 775.084(4) which the Court finds to be a clear and convincing reason for departure.
Smith first argues that the habitual offender act has been repealed by implication by the sentencing guidelines which provide for consideration and scoring of prior offenses.
This court has held that a sentencing judge may depart from the guidelines based on the defendant's prior criminal record, even though such record is taken into account in determining the recommended sentence. Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984). It follows that the habitual offender act may continue to exist with the guidelines and may constitute a clear and convincing reason to deviate from the recommended sentence, Florida Rule of Criminal Procedure 3.701(d)(11), where its provisions are satisfied. Accord Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984).
In order to impose an enhanced sentence under the habitual offender act, the court must find: (1) that the present offense was committed within five years of the date of a prior felony conviction or within five years of the defendant's release from a prison sentence for a felony, (2) that the defendant was not pardoned for the crime nor was his conviction set aside, and (3) that the enhanced sentence is necessary for the protection of the public.
Smith stipulated that he had been sentenced to four years imprisonment in 1977 for burglary. Certified copies of two certificates of mandatory conditional release were introduced showing that Smith had been released from the Department of Corrections on parole first on March 16, 1979, which was revoked, and again on May 1, 1981. A photograph and fingerprints of Smith, taken by the Department *997 of Corrections, were included with the certificates. The trial judge in this case stated that the photograph was that of Smith. Since both dates of release fall within the five-year period (the present offense was committed on September 18, 1982) and it was uncontested that Smith was not pardoned nor was his 1977 conviction set aside, the first two conditions above were met by competent, substantial evidence.
The real issue is whether the court impermissibly relied on uncorroborated hearsay in finding that the enhanced sentence was necessary for the protection of the public. Smith argues that the court did, because it based such finding on the PSI which revealed Smith's extensive prior criminal record, but derived from rapsheets of which the compiling officer had no first hand knowledge.
In Eutsey v. State, 383 So.2d 219 (Fla. 1980), the supreme court ruled that while there is no constitutional prohibition against the use of a PSI report in habitual offender proceedings, where the defendant disputes the truth of hearsay statements in such a report, the state must produce corroborating evidence to support such statements in order for them to be relied upon in making the required statutory findings. See also McElveen v. State, 440 So.2d 636 (Fla. 1st DCA 1983) and Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979), which hold that reliance on uncorroborated hearsay in a PSI report to support a finding that an enhanced sentence was necessary for protection of the public violates due process. However, the defendant must object to particular information in the PSI in order to trigger the state's obligation to come forward with corroborating evidence and cannot merely make a general objection to the use of the PSI. See Eutsey, 383 So.2d at 226.
The objection which the defense made to the PSI follows:
MR. LORINCZ: One, it would be hearsay; two, I notice there is alleged criminal history, many of the entries not having dispositions. As far as I know, there are only one or two or three of those entries wherein there is evidence that the offenses belonged to this defendant.
It just appears to me under the circumstances in this case that all of this is not proper to be admitted in this proceeding. We would say with regard to each and every offense which the State would attempt to use for purposes of enhancement, they are going to establish by credible proper evidence that the particular offense attributed to my client is, in fact, properly attributable to him. And my position is that an FBI rap sheet or a rap sheet of any sort is insufficient for that purpose; the accuracy and the duplication and the errors with regard to a rap sheet, it's well known to one and all. On that basis, I do not believe that that sort of criminal history is appropriate to be entered into evidence in a case of this type and a proceeding of this type.
We do not think this objection was sufficient. It is not enough to say that the report contains hearsay. The defendant must dispute the truth of the material in the PSI. In other words, the defendant must identify the portions of the PSI he challenges. Only then does the state have the obligation to present proof to overcome the hearsay included in the report. This is consistent with Eutsey, wherein the court stated:
It follows that the sentencing court must devise orderly procedures for identifying hearsay in the presentence report which is disputed by the defendant, which the court intends to consider in its potential 775.084 findings, and which the court finds, is subject to witness confrontation and cross-examination rights... . (emphasis added).
383 So.2d at 225.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.