461 So.2d 277 (1985)
Anthony Dale DOMINGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 84-506.
District Court of Appeal of Florida, Fifth District.
January 3, 1985.
James B. Gibson, Public Defender, and James R. Wulchak, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Dominguez argues the trial court improperly calculated his score sheet in sentencing him under the new Sentencing Guidelines, Florida Rule of Criminal Procedure 3.701, because it reclassified the crimes for which he was being sentenced, based on his being found to be a habitual offender. § 775.084, Fla. Stat. (1983). We agree that error occurred and we vacate the sentence and remand for resentencing.
At the sentencing hearing the state offered a score sheet totalling 143 points, which would have placed Dominguez in the presumptive sentence range of five and one-half to seven years in prison. The state then withdrew the score sheet and substituted one with a total of 171 points, which carried a presumptive sentence of nine to twelve years. The judge imposed a twelve year sentence under the Guidelines.
The additional points were added to Dominguez' score sheet because the state contended as a habitual offender,[1] the crimes should be enhanced by raising the crimes by a degree. The enhancement had the effect of making Dominguez' armed burglary conviction, normally a first degree felony,[2] scored as a life felony. His conviction for possession of a firearm, normally a second degree felony,[3] was scored as a first degree felony. The two remaining offenses  carrying a concealed weapon, section 790.02, Florida Statutes (1983); and *278 second degree grand theft, section 812.014, Florida Statutes (1983), both third degree felonies  were scored as second degree felonies. The trial judge made findings consistent with determining that Dominguez was a habitual offender, and imposed a Guidelines sentence based on a total of 171 points.[4]
We think the trial court erred in increasing the point count for the crimes in calculating the Guidelines sentence, on the basis of the habitual offender statute. Section 775.084 provides:
"Habitual offender" means a defendant for whom the court may impose an extended term of imprisonment. .. .
* * * * * *
(4)(a) The court, in conformity with the procedure established in subsection (3) and upon a finding that the imposition of sentence under this section is necessary for the protection of the public from further criminal activity by the defendant, shall sentence the habitual offender as follows:
1. In the case of a felony of the first degree, for life.
2. In the case of a felony of the second degree, for a term of years not exceeding 30.
3. In the case of a felony of the third degree, for a term of years not exceeding 10... .
This statute has long been construed as a penalty enhancement statute. Washington v. Mayo, 91 So.2d 621 (Fla. 1957). It merely prescribes longer sentences, but does not reclassify the offenses enhanced as being new substantive offenses. Eutsey v. State, 383 So.2d 219 (Fla. 1980); see also Small v. State, 428 So.2d 337 (Fla. 2d DCA 1983); Adams v. State, 376 So.2d 47 (Fla. 1st DCA 1979).
Thus the provision in the Sentencing Guidelines, In Re Amendment to Rules of Criminal Procedure, 451 So.2d 824, 828 (Fla. 1984), which states that "if an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category," does not apply to the habitual offender statute. It does not reclassify crimes as higher substantive crimes; it merely prescribes longer penalties.[5]Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984).
We therefore vacate the sentence imposed on Dominguez in this case, and we remand for resentencing. At that time the trial court may sentence Dominguez pursuant to the Guidelines, including a departure *279 sentence.[6]Gann v. State, 459 So.2d 1175 (Fla. DCA 1984); Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984).
SENTENCE VACATED AND REMANDED.
COBB, C.J., and FRANK D. UPCHURCH, J., concur.
NOTES
[1] § 775.084, Fla. Stat. (1983).
[2] § 810.02(2)(b), Fla. Stat. (1983).
[3] § 790.23, Fla. Stat. (1983).
[4] The judge did not evidence any intention in departing from the Guidelines. Fla.R.Crim.P. 3.701(d)(11).
[5] Compare section 775.087, Florida Statutes (1983), which does reclassify offenses.

The committee note to Rule 3.701(d)(10) states:
If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category.
The committee notes have been adopted by the Florida Supreme Court as part of the rules. See The Florida Bar: Amendment to Rules of Criminal Procedure, 451 So.2d 824 (Fla. 1984). The commission's comment to the committee note, which has not been adopted by the supreme court, originally provided that:
The legislature has also provided that enhanced penalties may be imposed under specific circumstances (§ 775.084, Fla. Stat. (1981), habitual offender, § 775.087, Fla. Stat. (1981), use of a weapon or firearm in commission of a felony, and § 775.0845, Fla. Stat. (1981), wearing a mask while committing an offense). Thus, a felony of the first degree may be reclassified as a life felony, a felony of the second degree reclassified as a felony of the first degree, and a felony of the third degree reclassified as a felony of the second degree.
As stated by the court in Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984), the comment by the Guideline Commission was "patently erroneous." Id. at n. 2 at 1099.
Apparently recognizing its mistake, the Guidelines Commission eliminated the above quoted comment. Sentencing Guidelines Commission, Minutes of the Sentencing Guidelines Commission Meeting, 3 (Mar. 16, 1984). In striking the language, the commission stated "the elimination of that language should make clear that the extended term provision of the habitual offender statute is separate and distinct from the provisions of those statutes which permit enhancement by reclassification of felony degree."
[6] The powers of a sentencing judge under the habitual offender statute present an interesting problem of the interplay between provisions of the habitual offender statute and the Sentencing Guidelines. As stated in Brady v. State, 457 So.2d 544 (Fla. 2d DCA 1984), the original committee note to rule 3.701(d)(11) recognized the existence of statutory alternatives to the sentencing guidelines. Thus, based on this committee note, this court held that a sentence under the Youthful Offender Act, Chapter 958, Florida Statutes (1983), was exempt from the operation of the Guidelines. Hackney v. State, 456 So.2d 1209 (Fla. 5th DCA 1984). However, this committee note was eliminated by the Florida Supreme Court. In Re Amendment to the Rules of Criminal Procedure. In eliminating that committee note, the court stated

the committee note to 3.701(d)(11) which discusses statutory alternatives, has been completely eliminated. While these statutory alternatives are acknowledged, the sentencing court is required to explain the Guideline departure when an alternative program is used.
451 So.2d at n. 12 at 824. However, as we have pointed in Gann v. State, 459 So.2d 1175 (Fla. 5th DCA 1984), a finding that a defendant is an habitual offender invariably constitutes a clear and convincing reason for departure under rule 3.701(d)(11). See also Cuthbert; Brady.