FRANK D. UPCHURCH, Jr., Judge.
Victor Howard appeals from a judgment and sentence for battery on a law enforcement officer contending that the trial court erred in sentencing him. The court departed from the recommended sentence of community control or twelve to thirty months incarceration and sentenced Howard to ten years imprisonment on the basis that he was an habitual felony offender.
This court has held that classification as an habitual felony offender constitutes a clear and convincing reason to deviate from the recommended sentence under Florida Rule of Criminal Procedure 3.701. Smith v. State, 461 So.2d 995 (Fla. 5th DCA 1984); Gann v. State, 459 So.2d 1175 (Fla. 5th DCA 1984). Thus the only question is whether the trial court correctly classified Howard as an habitual felony offender.
Section 775.084, Florida Statutes (1983) governs habitual felony offenders and provides in part as follows:
(1) As used in this act:
(a) ‘Habitual felony offender’ means a defendant for whom the court may impose an extended term of imprisonment, as provided in this section, if it finds that:
1. The defendant has:
a. Previously been convicted of a felony in this state;
b. Twice previously been convicted of a misdemeanor of the first degree in this state or of another qualified offense for which the defendant was convicted after the defendant’s 18th birthday;
* * * * * *
(c) ‘Qualified offense’ means any offense in violation of a law of another state or of the United States that was punishable under the law of such state or the United States at the time of its commission by the defendant by death or imprisonment exceeding 1 year or that was equivalent in penalty to a misdemeanor of the first degree, (emphasis added)
Here, the state established one prior felony conviction for stealing in the state of Missouri. Since Howard was not convicted of a felony “in this state”, section 775.-084(l)(a)l.a. is inapplicable. Section 775.- *217 084(l)(a)l.b. is also inapplicable because it requires two out-of-state convictions. Marshall v. State, 468 So.2d 255 (Fla. 2d DCA 1985); Coots v. State, 426 So.2d 1304 (Fla. 2d DCA 1983); Dickinson v. State, 395 So.2d 620 (Fla. 1st DCA 1981); Miles v. State, 374 So.2d 1167 (Fla. 2d DCA 1979); Shead v. State, 367 So.2d 264 (Fla. 3d DCA 1979). Since the state established only one felony conviction from out-of-state, Howard was not properly classified as an habitual felony offender.
We affirm Howard’s conviction for battery on a law enforcement officer, but reverse the sentence and remand for resen-tencing to the recommended guideline sentence or to a departure sentence in accordance with the guidelines.
Judgment AFFIRMED, Sentence REVERSED and cause REMANDED for re-sentencing.
COBB, C.J., and ORFINGER, J., concur.