DAUKSCH, Judge.
This is an appeal from a conviction and sentence in an aggravated battery case.
The first point on appeal involves an improper comment by a state witness concerning alleged other bad conduct on the part of appellant. Even though the trial judge had ordered a limiting of the evidence regarding irrelevant other crimes committed, the witness blurted out the offensive comment that appellant was a dealer in stolen property. Because the evidence of guilt was overwhelming, the error in denying a mistrial was harmless. Palmes v. State, 397 So.2d 648 (Fla.1981), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); § 59.041, Fla.Stat. (1983); § 924.33, Fla.Stat. (1983).
The second point on appeal involves the refusal of the judge to instruct the jury on self-defense. The evidence did not warrant this instruction, thus no error.
The third point on appeal attacks the sentence. As in Dominguez v. State, 461 So.2d 277 (Fla. 5th DCA 1985), the judge determined appellant fit the category of an habitual offender under section 775.-084, Florida Statutes (1983) and raised his guidelines score from a second degree felony to a first degree felony. As in Dominguez we reverse the sentence and remand the cause to the trial court for resentenc-ing. Upon remand the trial judge may depart from the guidelines if he deems it appropriate.
Conviction AFFIRMED; sentence REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.