481 So.2d 924 (1985)
Charles FERGUSON, Appellant,
v.
STATE of Florida, Appellee.
No. 85-108.
District Court of Appeal of Florida, Second District.
October 25, 1985.
Rehearing Denied January 3, 1986.
James Marion Moorman, Public Defender, and Ann N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Affirmed on the authority of Schevling v. State, 426 So.2d 580 (Fla. 1st DCA 1982), petition for review denied, 431 So.2d 989 (Fla. 1983).
RYDER, C.J., and GRIMES and FRANK, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Appellant was convicted of a third degree felony, determined to be a habitual felony offender under section 775.084, Florida Statutes (1983), and sentenced to ten years. On appeal, we rejected the substantive issue raised by appellant and affirmed the judgment without opinion. Relying upon the recent decision of Hendrix v. State, 475 So.2d 1218 (Fla. 1985), appellant now argues that his sentence constituted an improper departure from the sentencing guidelines. In Hendrix the supreme court held that prior convictions which had been factored into the guidelines scoresheet may *925 not be used to justify a guidelines departure.
Appellant had previously been convicted of five felonies and thirteen misdemeanors. The guidelines recommendation for appellant's sentence was twelve to thirty months incarceration or community control. The reason given for the guidelines departure was that appellant was a habitual felony offender. The predicate felony for the determination that he was a habitual felony offender was factored into the guidelines computation. Thus, appellant contends that his conviction was improperly counted twice contrary to the rule of Hendrix.
In McCuiston v. State, 462 So.2d 830 (Fla. 2d DCA 1985), this court held that sentencing as a habitual offender constituted a clear and convincing reason for departing from the guidelines. Admittedly, proof of a prior felony is an integral part of classifying the defendant as a habitual felony offender. Nevertheless, before a person may be declared a habitual felony offender, the court must also hold a formal hearing and make a finding that the imposition of an enhanced sentence "is necessary for the protection of the public from further criminal activity by the defendant." In making such a finding, the court necessarily considers such matters relating to appellant's conduct and background as are customarily contained in a presentence investigation. See Eutsey v. State, 383 So.2d 219 (Fla. 1980). Thus, the determination that a person is a habitual felony offender requires more than a simple consideration of prior felonies.
Section 775.084 was enacted to provide a special method for handling certain repeat offenders. We do not believe that either the legislature or the supreme court intended that the enactment of sentencing guidelines would so curtail the application of section 775.084 that its only function would be to permit the enhancement of the statutory sentencing maximums. Accord Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986).
Accordingly, we deny the motion for rehearing. Recognizing, however, that this is an issue which is likely to frequently reoccur, we certify as a matter of great public importance the following question:
IS THE DETERMINATION OF A DEFENDANT AS A HABITUAL FELONY OFFENDER PURSUANT TO SECTION 775.084 A SUFFICIENT REASON FOR DEPARTURE FROM THE RECOMMENDED RANGE OF THE SENTENCING GUIDELINES?
RYDER, C.J., and GRIMES and FRANK, JJ., concur.