483 So.2d 896 (1986)
Charles J. VICKNAIR, a/K/a Robert Noel Vicknair, Appellant,
v.
STATE of Florida, Appellee.
No. 85-409.
District Court of Appeal of Florida, Fifth District.
March 6, 1986.
James B. Gibson, Public Defender, and David B. Russell, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves the relationship between the habitual offender act, section 775.084, Florida Statutes, and a guideline sentence under Florida Rule of Criminal Procedure 3.701 and section 921.001, Florida Statutes.
In this case the trial court found the defendant to be an habitual felony offender. However, instead of imposing a sentence under the authority of section 775.084(4)(a), the trial court entered a sentence departing from the recommended guideline sentence giving four written reasons for his departure:
(1) Defendant was found to be an habitual felony offender pursuant to F.S. 775.084;
(2) Defendant was twice previously convicted of possession of illegal drugs;
(3) Defendant has previously received a suspended sentence with five years probation and fine, and a term of one *897 year imprisonment, all of which have failed to deter or rehabilitate him;
(4) A guideline sentence of 364 days county jail and/or five years probation would be inappropriate in this case.
This court has previously held that a finding that a defendant is an habitual offender is sufficient reason to depart from the recommended guideline sentence. See Smith v. State, 461 So.2d 995 (Fla. 5th DCA 1984). See also Howard v. State, 469 So.2d 216 (Fla. 5th DCA 1985); Gann v. State, 459 So.2d 1175 (Fla. 5th DCA 1984). However, since these cases were decided, the supreme court in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), has clearly disapproved of a sentence departing from the recommended guideline sentence based upon any factor which has already been weighed in arriving at the presumptive sentence.[1] Under the habitual offender act § 775.084, Fla. Stat.), a defendant's prior convictions and current conviction are the sole necessary factual basis for the determination that the defendant is an habitual offender under section 775.084(1) and (2). The only additional requirement is a finding by the trial court (by a preponderance of the evidence) that it is necessary for the protection of the public to sentence the defendant to an extended term. § 775.084(3), Fla. Stat. Therefore, this finding can be but a conclusion based solely on the defendant's prior record and current conviction. When this is the case, the finding under section 775.084(3) that the defendant is an habitual offender is not a sufficient ground for departure under Hendrix.[2] On the other hand, if factual matters other than prior criminal record and current conviction constitute clear and convincing reasons for a departure sentence, then it is immaterial that those reasons also support a determination of an habitual offender status except that such a determination authorizes an extended term of imprisonment thereby raising the maximum legal sentence under section 775.084(4)(a).[3] However, the sentencing judge must still give clear and convincing reasons for departure in order to impose this extended term of imprisonment if it is greater than the guideline sentence. Under the sentencing guidelines and Albritton,[4] while the maximum legal sentence sets the outside limit to the term of a departure sentence, it does not otherwise appear to be a material factor in formulating a lawful sentence. Accordingly, in view of Hendrix, the holdings in Smith, Howard, and Gann are limited to cases where the determination of habitual offender status is based on reasons which are themselves clear and convincing reasons for imposing a departure sentence[5] independent of the defendant's prior criminal record and current offense.
*898 We reverse the departure sentence in this case because there is no factual basis for the court's determination of a habitual offender status other than the defendant's criminal record and current conviction, and those matters, having been factored in the guideline sentence, there is no additional clear and convincing reason justifying a departure sentence as is required under Hendrix. We also certify the following question to the Florida Supreme Court under Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v) as being a question of great public importance:
Is the determination of a defendant as an habitual offender pursuant to section 775.084, Florida Statutes, a permissible reason to depart from a recommended guideline sentence where the sole factual basis for the habitual offender determination is the defendant's criminal record and current conviction which have already been weighed in arriving at the guideline sentence, or when the factual basis for the habitual offender determination, other than the defendant's criminal record, is not a clear and convincing reason for departure under guideline sentencing criteria?
Sentence vacated and cause remanded for resentencing.
ORFINGER, J., concurs.
DAUKSCH, J., concurs in conclusion only.
NOTES
[1] This case considers the viability of Smith, Howard, and Gann in view of Hendrix. Smith expressly relied on Hendrix v. State, 455 So.2d 449 (Fla. 5th DCA 1984), which decision was quashed by Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
[2] In cases where the sentencing judge has departed for reasons similar to the determining factors under the habitual offender act (though not under that act), those reasons have been found to be impermissible under Hendrix. See, e.g., Fowler v. State, 482 So.2d 602 (Fla. 5th DCA 1986) (the fact that trial court was compelled, "for the protection of society," to institutionalize defendant for a term in excess of that provided by the guidelines is insubstantial reason because Hendrix so holds); Casteel v. State, 481 So.2d 72 (Fla. 1st DCA 1986) ("reason ... that defenant's pattern of conduct renders him a continuing threat to the community" is factually based on defendant's prior convictions and on the current conviction and is improper basis for a departure); Pilgrim v. State, 480 So.2d 688 (Fla. 5th DCA 1986) (finding that defendant "has shown by his actions that he is inherently dangerous to society and, unless put away from society for a sufficient period of time, will continue in his pattern of criminal conduct ..." is not clear and convincing reason for departure).
[3] The operation of the habitual offender statute in extending the maximum legal term of confinement gives that statute a useful function under the sentencing guidelines.
[4] Albritton v. State, 476 So.2d 158 (Fla. 1985).
[5] We recognize that Ferguson v. State, 481 So.2d 924 (Fla. 2d DCA 1986), and Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986), hold otherwise. We also note that the first district in Shull v. State, 481 So.2d 1294 (Fla. 1st DCA 1986), found no error in considering habitual offender status as a reason for departure as long as the trial judge provides written reasons complying with Florida written reasons complying with Florida Rule of Rule of Criminal Procedure 3.701(d)(11).