SHARP, Judge.
Teague appeals from his sentence of eight years imprisonment, after being convicted of grand theft, second degree.[1] This was a three cell departure from the presumptive sentence range under the guidelines.[2] The sole written reason given for the aggravated sentence was the notation on the scoresheet that the court “found the defendant to be a habitual offender with enhanced penalty as provided to be necessary for the protection of the public.” We quash the sentence and remand for resen-tencing.
In Vicknair v. State, 483 So.2d 896 (Fla. 5th DCA 1986), we held that if the adjudication of a defendant as a habitual offender is based on the defendant’s criminal record and current conviction which have already been factored into the guidelines scoresheet, then the finding of habitual offender status will not support a departure sentence, pursuant to Hendrix v. State, 475 So.2d 1218 (Fla.1985). There *297 must be additional clear and convincing reasons given for the departure.
The trial judge in this case relied upon Gann v. State, 459 So.2d 1175 (Fla. 5th DCA 1984), which did not make clear this requirement. Further, the court did not have the benefit of Vicknair at the time of sentencing. The record in this case indicates there may be additional reasons, beyond Teague’s criminal record and violation of probation, which were not scored, to justify a departure sentence. However, we make no determination as to that issue. Accordingly, we quash the sentence and remand for resentencing.
QUASH SENTENCE; REMAND.
DAUKSCH and COBB, JJ., concur.

. §§ 812.014(1)(a), (b) & (2)(b)1., Fla.Stat. (1983).

. Fla.R.Crim.P. 3.701(b)(6) & (d)(11).