497 So.2d 887 (1986)
Vernon BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1729.
District Court of Appeal of Florida, Fifth District.
September 25, 1986.
On Motion for Rehearing November 20, 1986.
*888 James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals from a guidelines departure sentence. Because the trial judge based the departure on an impermissible reason, we vacate the sentence and remand for resentencing.
The trial court departed from the recommended guidelines sentence of 4 1/2 to 5 1/2 years' imprisonment and ordered that defendant be incarcerated for 8 years for the sole reason that the defendant was determined to be an habitual offender under section 775.084, Florida Statutes (1985). The habitual offender finding is flawed because the trial court did not make specific findings of fact, either in open court or in writing, which showed on their face that an extended term is necessary to protect the public from further criminal activity of the defendant. Walker v. State, 462 So.2d 452 (Fla. 1985); Eutsey v. State, 383 So.2d 219 (Fla. 1980). A conclusory statement that the extended sentence is necessary for the protection of the public, without findings of fact to support that conclusion, does not satisfy the requirements of section 775.084(3)(d). Specific findings of fact are necessary for meaningful appellate review of this type of sentencing decision. Walker, 462 So.2d at 454; Watson v. State, 492 So.2d 831 (Fla. 5th DCA 1986); Weston v. State, 452 So.2d 95 (Fla. 1st DCA 1984).
The trial court's conclusion in this case that an enhanced sentence was necessary for the protection of the public was based solely on defendant's prior record. However, the defendant's prior criminal record and current conviction are already factored into the presumptive guidelines sentence, and thus may not be used again to support a departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Vicknair v. State, 483 So.2d 896 (Fla. 5th DCA 1986); Teague v. State, 491 So.2d 296 (Fla. 5th DCA 1986). There must be other and independent clear and convincing written reasons to support a departure. Vicknair; Watson v. State, supra. Contra Hale v. State, 490 So.2d 122 (Fla. 2d DCA 1986); Ferguson v. State, 481 So.2d 924 (Fla. 2d DCA 1985); Fleming v. State, 480 So.2d 715 (Fla. 2d DCA 1986).
The sentence is vacated and the cause is remanded for resentencing.
DAUKSCH and COBB, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is denied. See Whitehead v. State, 498 So.2d 863 (Fla. 1986).
DAUKSCH, ORFINGER and COBB, JJ., concur.