515 So.2d 411 (1987)
David Earl SENTERFITT, Appellant,
v.
STATE of Florida, Appellee.
No. BS-264.
District Court of Appeal of Florida, First District.
November 17, 1987.
*412 Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
David Earl Senterfitt was convicted following a jury trial of two counts of aggravated battery with a firearm, one count of shooting into an occupied vehicle, and one count of possession of a firearm by a convicted felon. For purposes of sentencing, counsel for the prosecution and defense agreed that the two aggravated batteries would be treated as first degree felonies on the sentencing guidelines scoresheet. This resulted in a recommended sentencing range of seven to nine years. The judgment of conviction referred to the two aggravated battery charges as first degree felonies, and Senterfitt was sentenced for those offenses to two concurrent terms of nine years in prison. Senterfitt was sentenced to concurrent terms of ten years probation, to run consecutive to the prison terms for the other two counts. Finding error in classifying the two aggravated battery charges as first degree felonies, we vacate the sentences and remand for resentencing.
The information explicitly charged, in each count, that Senterfitt "in committing *413 said battery used a deadly weapon, towit: a firearm, in violation of Sections 784.045(1)(b) and 775.087(2), Florida Statutes." Section 784.045, Florida Statutes (1985), defines aggravated battery to be a second degree felony. Adjudging Senterfitt guilty of first degree felonies on these two counts and sentencing him on that basis was patent error unless the charges could be reclassified to a higher degree felony under section 775.087, Florida Statutes (1985). When a weapon is used or possessed in committing an offense, section 775.087(1)(b) specifies circumstances under which second degree felonies are to be reclassified as first degree felonies. However, this statute precludes reclassification if the crime charged requires use of a weapon as one of its essential elements. Since Senterfitt's use of a deadly weapon was an essential element of the aggravated battery charges, these two charges could not be reclassified as first degree felonies. Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984) pet. for rev. denied, 467 So.2d 1000 (Fla. 1985).
The state concedes that Cuthbert v. State is on point and supports Senterfitt's assertion that his aggravated battery charges could not be reclassified under section 775.087. Even though Senterfitt's counsel in the trial court erroneously agreed that these offenses were first degree felonies, Senterfitt is permitted to challenge this error on appeal because the error is apparent from the face of the record. State v. Whitfield, 487 So.2d 1045 (Fla. 1986). Therefore, the sentence on these two counts must be vacated. In view of the fact, however, that all sentences imposed were interrelated under the sentencing guidelines and the erroneous classification of these two charges has a material effect upon the total sentence to be imposed on all counts, we find it necessary to vacate the entire sentence on all counts and remand for resentencing in accordance with the guidelines.
The state argues that the error below does not require reversal because Strickland v. State, 437 So.2d 150 (Fla. 1983), allows reclassification of a felony to the next higher degree when use of a weapon or firearm is not an essential element of the crime. Section 784.045, which defines aggravated battery, contemplates alternate elements of either (1) intentional or knowing infliction or great bodily harm, permanent disability, or permanent disfigurement, or (2) use of a deadly weapon. The state argues that use of a weapon is not an essential element of the crime of aggravated battery but, rather, was an optional charge that the prosecution could have made. Consequently, the state suggests that we reexamine Cuthbert since use of a firearm is not an essential element of the crime of aggravated battery.
This argument is patently frivolous. Regardless of whether the prosecution could have made such an alternative charge in this case, the fact remains that the charge actually made specifically alleged a violation of section 784.045(1)(b) by use of a deadly weapon. Thus, we need not revisit the Cuthbert decision in view of the charge made in this case. Strickland v. State, 437 So.2d 150 (Fla. 1983), is not applicable because it involved a charge of attempted first degree murder under section 782.04. Use of a firearm is not an essential element of the crime defined in that statute as it contains no mention of a firearm or weapon.
Sentences VACATED and REMANDED for resentencing.
SHIVERS and THOMPSON, JJ., concur.