519 So.2d 737 (1988)
Jimmy DONALDSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-95.
District Court of Appeal of Florida, Third District.
February 9, 1988.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Steven T. Scott, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Defendant Donaldson seeks reversal of his convictions and sentences for burglary of a conveyance and petit theft. We affirm the convictions but vacate the sentences.
In an effort to reduce the number of burglaries of stores and cars occurring in downtown Miami, the City of Miami Police Department conducted a decoy and surveillance operation. Police parked an unmarked white car on the street, leaving the driver's door unlocked and the windows closed. Inside the car, in the rear passenger compartment, were a radio and several pieces of luggage. At approximately 12:15 a.m., from area surveillance posts, police officers observed Donaldson look into several cars, stop at the decoy car, sit on the hood of the car, and survey the street. After waiting for two pedestrians to leave the area, Donaldson opened the driver's door and made a motion consistent with unlocking the rear door. Donaldson closed the driver's door, leaned against the front of the car, and resurveyed the street; he then opened the rear door and removed the radio from the rear of the car. A police officer arrested Donaldson, radio in hand. Subsequent to the arrest, the state charged Donaldson with burglary of a conveyance and petit theft.
Prior to trial, Donaldson filed a motion to dismiss the information, asserting the defense of entrapment. The state filed a traverse specifically denying material facts alleged in the motion. Later, at the close of the state's case, Donaldson moved for a judgment of acquittal. The court denied both motions. The jury found Donaldson guilty as charged, and the court entered adjudications. The sentencing guidelines range was from 12 to 17 years imprisonment; the statutory maximum for the burglary and petit theft counts was 5 years and sixty days, respectively; however, the court enhanced Donaldson's sentences, as authorized by section 775.084, Florida Statutes (1985), and imposed sentences of ten years for the burglary count and time served for the petit theft count. On appeal, Donaldson maintains that under Cruz v. State, 465 So.2d 516 (Fla.), cert. denied, *738 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985), the trial court should have found entrapment as a matter of law. We disagree.
In Cruz, the supreme court enunciated the test for determining whether a defendant has been entrapped as a matter of law: "[e]ntrapment has not occurred as a matter of law where police activity (1) has as its end the interruption of a specific ongoing criminal activity; and (2) utilizes means reasonably tailored to apprehend those involved in the ongoing criminal activity." Cruz, 465 So.2d at 522. The first prong of the test examines whether the "police activity seek[s] to prosecute crime where no such crime exists but for the police activity engendering the crime." Cruz, 465 So.2d at 522. The second part of the test focuses on the methods employed by the police officers:
Considerations in deciding whether police activity is permissible under this prong include whether a government agent "induces or encourages another person to engage in conduct constituting such offense by either: (a) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or (b) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.' Model Penal Code § 2.13 (1962).
Cruz, 465 So.2d at 522 (footnote omitted). Applying these criteria, we conclude that the trial court was correct in finding that police procedures did not fall below appropriate standards of conduct.
First, the record demonstrates that the police focused their operations on specific and ongoing criminal activity; namely, burglaries of conveyances and business establishments in the downtown area. The fact that police response was directed at existing problems satisfies the first prong of the Cruz test. Second, the police "utilize[d] means reasonably tailored to apprehend those involved in the ongoing criminal activity," Cruz, 465 So.2d at 522, thereby satisfying the second prong of the test. Unlike the situation in Cruz, where $150.00 in currency was plainly displayed in the decoy's pants pocket, here the radio was unobstrusively placed on the rear passenger seat of a car with its windows closed and some doors locked. In order to unlock the rear door and take the radio, Donaldson had to open the driver's door. Furthermore, the radio, valued at less than $100.00, did not provide an inducement strong enough to tempt an unpredisposed person to surrender to the bait. See Cruz, 465 So.2d at 522, n. 4 ("Under the threshold test we adopt here, the strength of the inducement is certainly a significant factor, since there could be a `substantial risk that such an offense will be committed by persons other than those who are ready to commit it.'"). For these reasons, we find no error in the trial court's denial of Donaldson's motion to dismiss and motion for judgment of acquittal, and we affirm the convictions.
Next, Donaldson maintains that the trial court erred in sentencing him as an habitual offender without following the procedures set forth in section 775.084, Florida Statutes (1985). He points to the trial court's failure to issue findings that the extended sentence was necessary for the protection of the public. His argument has merit. See Brown v. State, 497 So.2d 887 (Fla. 5th DCA 1986); Little v. State, 440 So.2d 603 (Fla. 3d DCA 1983). Accordingly, we vacate Donaldson's sentence and remand for resentencing. Donaldson is entitled to be present at resentencing. See Griffin v. State, 517 So.2d 669 (Fla. 1987); State v. Scott, 439 So.2d 219 (Fla. 1983).
Affirmed in part; reversed in part; and remanded for resentencing.