HALL, Judge.
Ronald Watts appeals from his judgment and sentence for obtaining property in return for a worthless check. He argues that the state failed to prove an element of the offense and that the trial court erred in imposing a sentence which exceeds the statutory maximum based on a finding that the appellant is a habitual offender. We affirm the appellant’s conviction but remand for resentencing.
We find no merit in the appellant’s first argument. At trial the state sufficiently proved the elements of the offense by introducing the testimony of a sales person that the appellant was given merchandise in return for a check and that the appellant’s account had insufficient funds to cover the check. Therefore, we affirm the judgment finding the appellant guilty of the offense.
The appellant’s scoresheet reflected a recommended sentence of twenty-two to twenty-seven years. The trial court found that the appellant met the requirements of the habitual offender statute and imposed a sentence of ten years’ imprisonment exceeding the statutory maximum of five years. On the appellant’s written sentence the trial court noted that the appellant’s penalty was enhanced “on the grounds that the protection of the public requires it,” but the court made no factual findings to support its conclusion as required by Florida Statute section 775.084(3)(d). See Eutsey v. State, 383 So.2d 219 (Fla.1980); Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987). Accordingly, we remand this case to the trial court so that it may lend factual support for its findings under the habitual offender statute.
Affirmed in part; reversed and remanded with directions.
DANAHY, C.J., and SCHEB, J., concur.