PER CURIAM.
Defendant was found guilty of possession of a controlled substance, cocaine. The state requested that defendant’s sentence be enhanced. A presentence investigation (PSI) was prepared. The judge at the start of defendant’s sentencing hearing noted that the PSI recommended an enhanced sentence of ten years. At the hearing, an officer testified that the defendant frequently used children as runners to sell his drugs. The state pointed out that four years earlier the defendant had been sentenced for various felonies.
The court referred to the defendant as an habitual offender, but made no specific findings that an enhanced sentence was necessary for the protection of the public, nor did it enter an order determining the defendant to be an habitual offender. Although the guidelines recommended a four and one-half to five and one-half-year sentence, the judge sentenced the defendant to an eight-year term.
The defendant argues, and the state concedes, two errors which mandate defendant’s sentence be vacated and the cause remanded. First, the trial judge failed to make an express finding that the defendant constitutes a threat to the community as required for sentence enhancement under section 775.084, Florida Statutes (1987). See Donaldson v. State, 519 So.2d 737 (Fla. 3d DCA 1988); Brown v. State, 497 So.2d 887 (Fla. 5th DCA 1986); Little v. State, 440 So.2d 603 (Fla. 3d DCA 1983). Second, the trial judge failed to provide independent written reasons for the departure sentence ordered. See Watts v. State, 525 So.2d 992 (Fla. 2d DCA 1988).
Accordingly, the defendant’s sentence is vacated and the case is remanded to allow the trial court to sentence the defendant based upon the appropriate findings and reasons.