HALL, Judge.
The appellant, Andrew Evans, challenges his conviction and sentence for aggravated battery, a second-degree felony, for the shooting of Michael Pompey. We only find merit in his contention that his primary offense at conviction was improperly scored as a first-degree felony.
We reject the state’s contention that the appellant’s aggravated battery can be reclassified as a first-degree felony pursuant to section 775.087(1), Florida Statutes (1987). The appellant was charged with committing a battery “and in so doing intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement, and/or used a deadly weapon....” Although use of a deadly weapon was alleged in the alternative, it was nevertheless charged and was before the jury as an element of the aggravated battery. Thus, that offense may not be reclassified pursuant to section 775.087(1). Lareau v. State, 573 So.2d 813 (Fla.1991); Senterfitt v. State, 515 So.2d 411 (Fla. 1st DCA 1987), review denied, 523 So.2d 578 (Fla.1988).
The improper scoring of the primary offense at conviction placed the appellant in the recommended sentencing range of seven to nine years’ imprisonment, rather than that of five and one-half to seven years’ imprisonment. Since the trial court sentenced the appellant to nine years’ imprisonment, vacation of his sentence is required.
Accordingly, we affirm the appellant’s conviction but vacate his sentence and remand for resentencing with directions consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.