McCORD, GUYTE P., Jr. (Ret.), Associate Judge.
Hall appeals his conviction for carrying a concealed firearm. He contends the trial court erred in reclassifying his crime from a third degree felony to a second degree felony in his sentencing guidelines score-sheet. We agree and reverse.
Carrying a concealed firearm is a third degree felony. Section 790.01(2), Florida Statutes (1983). The prosecutor below, erroneously believing that a notice of habitual offender status under Section 775.084, Florida Statutes (1983), allowed the third degree felony to be reclassified upward to a second degree felony, successfully urged that view upon the trial court. Such was error. Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984); Dominguez v. State, 461 So.2d 277 (Fla. 5th DCA 1985). (We note that the prosecution did not present evidence to show that Hall was an habitual offender and the trial court did not make a direct finding of such but that is irrelevant to our ruling here.)
The State citing Dailey v. State, 471 So.2d 1349 (Fla. 1st DCA 1985), contends that since objection to the sentencing was not made at the time of sentencing the issue may not be raised on appeal. We disagree. Here the error in reclassifying the offense is apparent from the record.
REVERSED.
ERVIN and WIGGINTON, JJ„ concur.