498 So.2d 1373 (1986)
Leonard JENNINGS, Appellant,
v.
STATE of Florida, Appellee.
No. BL-199.
District Court of Appeal of Florida, First District.
December 23, 1986.
Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Norma Mungenast, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Jennings appeals his sentences which are based on the mask enhancement statute. We affirm.
Appellant was charged with burglary of a dwelling with an assault while masked; aggravated assault with a deadly weapon while masked; battery while masked and exhibiting sexual organs while masked. Appellant was found guilty as charged on all counts. The record contained two sentencing guidelines sheets: one based on a category 5 burglary offense, reflecting a *1374 total of 96 points and calling for a sentence of 3 1/2 to 4 1/2 years; and the second sheet based on the primary offense, a category 4 aggravated assault, reflecting 196 points and calling for a prison sentence of 4 1/2 to 5 1/2 years. The court did not indicate which of the two scoresheets it used to impose the following sentences: 5 years in prison for aggravated assault, 4 years in prison for burglary, 1 year for battery, and 1 year for the misdemeanor, all to run concurrently.
Appellant argues that the lower court erred by reclassifying the degree of aggravated assault and battery upward based on the fact that appellant wore a mask while committing these felonies. Appellant contends that the mask statute, like the habitual offender statute, does not require reclassification of the degree of crimes, but only increases the penalty. We disagree. Appellant is only correct in stating that the habitual offender status pursuant to § 775.084, Florida Statutes (1985) does not permit the reclassifying of crimes upward for scoresheet purposes. The statute's language clearly reveals that only the penalty is enhanced, i.e., in terms of years. The degree of offense remains the same. See Cuthbert v. State, 459 So.2d 1098 (Fla. 1st DCA 1984), pet. for rev. denied 467 So.2d 1000 (Fla. 1985); Hall v. State, 483 So.2d 549 (Fla. 1st DCA 1986). However on its face, § 775.0845, Florida Statutes (1985), the mask statute, reveals language that distinguishes it from the habitual offender statute. The language of the mask statute requires that each offense, i.e., misdemeanor or felony, shall be punishable as if it were reclassified upward as an offense of the next higher degree. Therefore for example, the trial court was correct in reclassifying appellant's act of burglary of a dwelling, a second degree felony, to a first degree felony, because during the commission of the offense appellant was wearing a "device that concealed his identity." Section 775.0845(4), Florida Statutes (1985). See also Dominguez v. State, 461 So.2d 277 (Fla. 5th DCA 1985).
As the State suggests, the Florida Supreme Court has adopted committee note (d)(10) to Rule 3.701, Fla.R.Crim.P. which explains that if an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category. The note goes on to distinguish the habitual offender statute where the maximum allowable sentence is increased as provided by operation of statute. See The Florida Bar: Amendment to Rules of Criminal Procedure, 468 So.2d 220, 225 (Fla. 1985).
We find that the scoresheets were not prepared in error. Also the trial judge correctly based appellant's sentence on the primary offense of aggravated assault with a knife while masked, which was accurately reclassified from a third degree to a second degree felony pursuant to Section 775.0845(3), Florida Statutes (1985), and recommended the most severe sentence of five years incarceration. See Rule 3.701(d)(3)(b), Florida Rules of Criminal Procedure. We further find that, although the trial court erroneously had two scoresheets before it at sentencing, under these circumstances where the penalty actually imposed reflects the sentence as based on the primary offense, which was correctly enhanced by the mask statute, any error arising from the presence of two scoresheets before the lower court is harmless. Therefore we affirm the sentences.
AFFIRMED.
MILLS and SHIVERS, JJ., concur.