615 So.2d 725 (1993)
Douglas Wayne SPICER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00323.
District Court of Appeal of Florida, Second District.
February 10, 1993.
Rehearing Denied April 5, 1993.
James Marion Moorman, Public Defender, and Julius Aulisio, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Spicer and a codefendant were charged with armed robbery with a mask, trafficking in illegal drugs, and possession of a controlled substance. Spicer was convicted by a jury of the lesser offense of robbery with a mask and acquitted on the remaining charges. The state filed the required notice, seeking to have him sentenced as a habitual offender.
Robbery is a second-degree felony punishable by up to fifteen years' imprisonment. §§ 812.13(2)(c) and 775.082(3)(c), Fla. Stat. (1989). If, however, a mask was worn during the commission of the robbery, section 775.0845(4), Florida Statutes (1989), provides that the offense "shall be punishable as if it were a felony of the first degree," permitting a maximum penalty of thirty years.
In this case, the trial court interpreted section 775.0845(4) as requiring robbery with a mask to be reclassified as a first-degree felony. The court then used the first-degree conviction to sentence Spicer to life imprisonment under the habitual offender *726 statute, section 775.084(4)(a)(1), Florida Statutes (1989). Spicer argues that although section 775.0845 is an enhanced penalty statute, it does not reclassify the degree of felony. tHUS, HE ARGUES THAT HE CAN BE SENTENCED AS A HABITUAL OFFENDER only for a second-degree felony. We agree and reverse.
Penal statutes must be construed in terms of their literal meaning. State v. Jackson, 526 So.2d 58 (Fla. 1988). Words used by the legislature will not be expanded to broaden the definition of such statutes. Perkins v. State, 576 So.2d 1310 (Fla. 1991). If the legislature had intended section 775.0845 to reclassify offenses, it would have so stated, as it did in section 775.087, Florida Statutes (1989): "Possession or use of weapon; aggravated battery; felony reclassification;" and in section 775.0875, Florida Statutes (1989): "Unlawful taking, possession, or use of a law enforcement officer's firearm; crime reclassification; ... ." (Emphasis added.) In fact, section 775.0875 is similar to the habitual offender statute, in that neither of the enhanced penalty statutes reclassify the degree of the offense. See Dominguez v. State, 461 So.2d 277 (Fla. 5th DCA 1985).
The trial court was therefore placed in an "either-or" situation. The court could use the enhanced penalty provisions of section 775.0845 and impose a guidelines sentence not exceeding thirty years or it could use the second-degree felony conviction to sentence Spicer as a habitual offender to a maximum of thirty years' imprisonment.
Accordingly, we vacate the sentence imposed. Since Spicer does not contend that he does not meet the criteria to be sentenced as a habitual offender and the trial court has elected to make that determination, on remand the trial court may resentence Spicer as a habitual offender to a maximum of thirty years.
Reversed and remanded.
CAMPBELL, A.C.J., and THREADGILL, J., concur.