646 So.2d 298 (1994)
William ARCHIBALD, Appellant,
v.
STATE of Florida, Appellee.
No. 94-130.
District Court of Appeal of Florida, Fifth District.
December 16, 1994.
James B. Gibson, Public Defender, and Susan A. Fagan, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ann M. Childs, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
On this appeal, the defendant maintains that the court erred in reclassifying his conviction for aggravated battery with a deadly weapon while wearing a mask (Count II) from a second degree felony to a first degree felony and then imposing a life sentence as a violent habitual offender. §§ 775.084, 775.0845, 784.045(1)(a)2, (2), (1993).
As authority, the defendant cites Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993). In Spicer, the court held that section 775.0845(4), Florida Statutes (1989) was an enhanced penalty statute and did not operate to reclassify the degree of felony. The Spicer court specifically found that the lower court erred in reclassifying an offense to a first degree felony then sentencing to life under the habitual offender statute. The state recognizes Spicer as authority, but claims that any error would be harmless under these facts since the defendant could have received a permitted guideline sentence of life.
We reject the argument of the state and find that the trial court was in a classic either/or situation but erroneously elected both options, substantially altering the punishment of the defendant since violent offender habitualization affects gain time, controlled release eligibility, as well as other areas.
Accordingly, the sentence as to Count II is reversed and remanded to the trial court for resentencing. In all other respects, the convictions and sentences are affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
DIAMANTIS and THOMPSON, JJ., concur.