HARRIS, Chief Judge.
Stanley Woods was convicted of both robbery (Shell Station) and armed robbery (Pizza Hut). We affirm the convictions but reverse for resentencing.
On Woods’ scoresheet, the armed robbery was scored as the primary offense. The “additional offense at sentencing” (the Shell robbery), a second degree felony, was scored as though it had been reclassified as a first degree felony because Woods wore a mask during the robbery. See generally section 775.0845, Florida Statutes (1993). We find that to be error. Although the testimony indicated that he did, in fact, wear a mask during the Shell robbery, this enhancement factor was not charged in the information nor did the jury make such a finding. In addition, even though the mask, if properly pled and proved, would justify enhancement, it does not “reclassify” the offense. See Archibald v. State, 646 So.2d 298 (Fla. 5th DCA 1994); Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993). The subtraction of the erroneous points results in a lower guideline range.
We also find the court erred in including a minimum mandatory term pursuant to section 775.087(2) in Woods’ sentence for armed robbery. This provision requires as a condition for such minimum mandatory sentence that the defendant have in his possession a firearm or “destructive device” (bomb). In this case, Woods had only a knife in his possession during the Pizza Hut robbery.
AFFIRMED in part; REVERSED in part and REMANDED for resentencing.
W. SHARP and GOSHORN, JJ., concur.