678 So.2d 315 (1996)
Jose CABAL, Petitioner,
v.
STATE of Florida, Respondent.
No. 86155.
Supreme Court of Florida.
June 13, 1996.
Rehearing Denied August 22, 1996.
*316 Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Petitioner.
Robert A. Butterworth, Attorney General and Keith S. Kromash, Assistant Attorney General, Miami, for Respondent.
OVERTON, Justice.
We have for review Cabal v. State, 656 So.2d 290 (Fla. 3d DCA 1995). In Cabal, the district court found that section 775.0845, Florida Statutes (1993), which imposes an enhanced penalty for wearing a mask while committing a felony, acted to reclassify the underlying felony to a distinct, separate crime of the next higher degree. In reaching its decision, the district court certified conflict with Woods v. State, 654 So.2d 606 (Fla. 5th DCA 1995), Archibald v. State, 646 So.2d 298 (Fla. 5th DCA 1994), and Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993).[1] For the reasons expressed, we agree with the district court decisions in Woods, Archibald, and Spicer, and quash the decision of the Third District Court in this case because we find that section 775.0845, as it existed at the time of this offense, is a penalty enhancement statute rather than a substantive reclassification statute.
In this case, the record reflects that Jose Cabal was convicted of committing a robbery while wearing a mask. The evidence at trial established that two males, wearing pillow cases with eyeholes cut out, accosted the victim as he was about to enter his residence. The men wrestled the victim to the ground, took his Rolex watch, and drove away. Shortly thereafter, the police observed a vehicle fitting the description provided by the victim and, after a high-speed chase, stopped the car and arrested Cabal and another man. Based on the description furnished by the victim and other circumstantial evidence, Cabal and the codefendant were found guilty of robbery with a mask. The codefendant is not a party to this appeal. Cabal was adjudicated guilty under section 812.13(2)(c), Florida Statutes (1993), which provides that the offense of robbery is a second-degree felony. In sentencing Cabal, the trial judge reclassified and scored Cabal's conviction under the sentencing guidelines as a first-degree felony under the authority of section 775.0845(4). The trial judge's reclassification of the conviction resulted in the addition of twenty points to Cabal's sentencing guidelines score sheet.
On appeal, Cabal contended that the offense should have been scored as a second-degree felony with the trial judge having the authority to enhance the sentence for the robbery by raising the maximum allowable sentence to that of a first-degree felony rather than that of a second-degree felony. In a one-sentence opinion, the district court in this case summarily affirmed the sentence, relying on the First District Court of Appeal's decision in Jennings v. State, 498 So.2d 1373 (Fla. 1st DCA 1986), but certified conflict with Woods, Archibald, and Spicer. In *317 Jennings, the First District Court of Appeal determined that section 775.0845 requires that an offense coming under the statute "shall be punishable as if it were reclassified upward as an offense of the next higher degree." 498 So.2d at 1374. On the other hand, in Woods, Archibald, and Spicer, the Fifth and Second District Courts of Appeal found that section 775.0845 does not reclassify the offense but acts only to enhance the penalty in a manner similar to the application of the habitual offender statute.[2] Section 775.0845,[3] as it existed at the time of this offense, provides in pertinent part as follows:
Wearing mask while committing offense; enhanced penalties.The penalty for any criminal offense ... shall be increased as provided in this section if, while committing the offense, the offender was wearing a hood, mask, or other device that concealed his identity.
(1) A misdemeanor of the second degree shall be punishable as if it were a misdemeanor of the first degree.
(2) A misdemeanor of the first degree shall be punishable as if it were a felony of the third degree.
(3) A felony of the third degree shall be punishable as if it were a felony of the second degree.
(4) A felony of the second degree shall be punishable as if it were a felony of the first degree.
(Emphasis added.) We find that the plain language of section 775.0845, which is entitled "Wearing mask while committing offense; enhanced penalties" (emphasis added), requires that the penalty be increased rather than the offense reclassified. Nowhere in the statute does the legislature make reference to reclassifying this conduct as a distinct, substantive offense. The statute speaks only to an increase in the penalty. As the Second District Court of Appeal correctly stated in Spicer, "[i]f the legislature had intended section 775.0845 to reclassify offenses, it would have so stated." 615 So.2d at 726. We find the Spicer court's conclusion especially compelling given that the legislature has clearly provided for the reclassification of offenses in other statutes. See, e.g., § 775.087, Fla.Stat. (1993) (possessing or using a weapon during the course of a felony requires that the "felony ... be reclassified "as an offense of the next higher degree) (emphasis added); § 775.0875, Fla.Stat. (1993) (taking a law enforcement officer's firearm during the commission of an offense requires that the offense "be reclassified" to one of the next higher degree) (emphasis added). We also agree with the Spicer court's conclusion that the instant statute is very similar to the habitual offender statute, which enhances a defendant's penalty rather than reclassifying the degree of the offense.
The State argues that the First District Court of Appeal correctly decided this issue in Jennings when it stated that "[t]he language of the mask statute requires that each offense ... shall be punishable as if it were reclassified upward as an offense of the next higher degree." 498 So.2d at 1374. We disagree. In reaching its decision, the court in Jennings relied on committee note (d)(10) of the 1988 amendments to Florida Rule of Criminal Procedure 3.701, which provides in pertinent part:
If an offender is convicted under an enhancement statute, the reclassified degree should be used as the basis for scoring the primary offense in the appropriate category. If the offender is sentenced under *318 section 775.084 (habitual offender), the maximum allowable sentence is increased as provided by the operation of that statute.
Notably, the statute at issue in this case was enacted in 1981, which was two years before the enactment of the sentencing guidelines and seven years before the addition of the committee note relied on in Jennings.[4] Neither the sentencing guidelines nor the committee note in issue amended the language of section 775.0845. Further, as conceded by the State at oral argument, before the enactment of the sentencing guidelines, an offense under section 775.0845 would not have been reclassified.
Rules of statutory construction require penal statutes to be strictly construed. State v. Camp, 596 So.2d 1055 (Fla.1992); Perkins v. State, 576 So.2d 1310 (Fla.1991). Further, when a statute is susceptible to more than one meaning, the statute must be construed in favor of the accused. Scates v. State, 603 So.2d 504 (Fla.1992). Because the sentencing guidelines did not amend the plain language of section 775.0845 in any way, we must reject the State's argument that the committee note to the sentencing guidelines now requires reclassification under that statute. Consequently, we hold that the Jennings court erred in relying on the committee note in interpreting the statute. As we stated in Perkins:
One of the most fundamental principles of Florida law is that penal statutes must be strictly construed according to their letter. This principle ultimately rests on the due process requirement that criminal statutes must say with some precision exactly what is prohibited. Words and meanings beyond the literal language may not be entertained nor may vagueness become a reason for broadening a penal statute.
576 So.2d at 1312 (citations omitted).
Accordingly, we hold that section 775.0845, as it existed at the time of this offense, is a penalty enhancement statute rather than a substantive reclassification statute. We quash the district court's decision in the instant case and remand for proceedings consistent with this opinion. We approve Woods, Archibald, and Spicer to the extent they are consistent with this opinion, and we disapprove Jennings.
It is so ordered.
KOGAN, C.J., and SHAW, HARDING and ANSTEAD, JJ., concur.
GRIMES, J., dissents with an opinion, in which WELLS, J., concurs.
GRIMES, Justice, dissenting.
I cannot see any meaningful distinction between a statute which explicitly reclassifies a crime to a higher degree and one which states that the penalty for the offense shall be increased so as to be punishable as if it were the greater crime. Contrary to the rationale of the majority, I believe it is significant that subparagraph (d)(10) of Florida Rule of Criminal Procedure 3.701 was published after the enactment of section 775.0845. The rule gave effect to the obvious legislative intent of wanting to enhance the punishment for certain crimes by treating them as if they were a greater degree of offense.
As interpreted by the majority, section 775.0845 will have little effect because it will only come into play in those isolated instances when there is a departure sentence or when the offender's guideline points are so great as to call for a sentence above the statutory maximum of the offense committed.
I respectfully dissent.
WELLS, J., concurs.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] § 775.084, Fla.Stat. (1993).
[3] We recognize that the legislature amended section 775.0845, effective October 1, 1995, but the amended statute is not at issue in this proceeding. Section 775.0845 was amended effective October 1, 1995, with the addition of the following language to the statute: "For purposes of sentencing under chapter 921 ... a felony offense which is reclassified under this subsection is ranked one level above the ranking under s. 921.0012 or s. 921.0013 of the offense committed." § 775.0845, Fla.Stat. (1995) (emphasis added). Although this provision speaks to reclassification, Cabal was sentenced under the 1993 version of the statute, which does not contain that language. Moreover, this boilerplate provision was added to numerous other statutes. See, e.g., § 775.0875, Fla.Stat. (1995); § 775.087, Fla. Stat. (1995). We do not address whether this language acts to require reclassification of an offense to the next higher degree for offenses committed after 1993. We note, however, that the definitive, substantive language of the statute has not been altered.
[4] The statute at issue was enacted in 1981. See ch. 81-249, § 2, Laws of Fla. The sentencing guidelines were enacted in 1983. In re Rules of Crim. Proc., 439 So.2d 848 (Fla.1983). The committee note at issue was added as part of the 1988 amendments to the sentencing guidelines. Florida Rules of Crim. Proc. re Sentencing Guidelines, 522 So.2d 374 (Fla.1988).