LAZZARA, Judge.
The appellant, Mauro Solone, seeks review of the trial court’s order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because we conclude that appellant’s original habitual violent felony offender sentences were based on an improper reclassification to a higher degree of a felony, we reverse and remand for resentencing. We reject, however, the appellant’s claim that he did not qualify for treatment as a habitual violent felony offender and affirm the trial *720 court’s order denying the motion on that basis.
The state charged the appellant in a three-count criminal information with robbery pursuant to section 812.13(2)(c), Florida Statutes (1991), a second-degree felony punishable by up to fifteen years’ imprisonment under section 775.082(3)(c), Florida Statutes (1991). The information further alleged that during the commission of each robbery the appellant wore a “hood, or mask, or other device that concealed his identity” in violation of section 775.0845, Florida Statutes (1991). Under subsection four of this statute, any person who commits a second-degree felony while wearing such a disguise shall be subjected to punishment as if the offense was a felony of the first degree, which is punishable by no more than thirty years’ imprisonment in accord with section 775.082(3)(b), Florida Statutes (1991).
The appellant pleaded guilty to each count of the information. The trial court then treated him as a habitual violent felony offender and sentenced him to concurrent terms of incarceration, which included a fifteen-year minimum mandatory sentence, followed by probation. The total length of each sentence was thirty-five years and fell within the statutory parameters of section 775.084(4)(b)l., Florida Statutes (1991), governing the sentencing of a habitual violent felony offender who commits a first-degree felony. The appellant did not file a direct appeal and subsequent collateral attacks on his judgment and sentences proved unfruitful.
The appellant’s latest attempt to gain relief from what he contends are illegal sentences is straightforward. He alleges that the trial court erred in using section 775.0845(4) to reclassify his robbery offenses from felonies of the second degree to felonies of the first degree and then sentencing him as a habitual violent felony offender as if he had committed first-degree felonies. He contends, therefore, that because the sentences exceed the thirty-year statutory maximum which could be imposed on a habitual violent felony offender who commits a second-degree felony, see section 775.084(4)(b)2., Florida Statutes (1991), those sentences are illegal. We agree.
In Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993), approved, Cabal v. State, 678 So.2d 315 (Fla.1996), we construed the provisions of section 775.0845(4) and held that this statute could not be used to reclassify unarmed robbery from a second-degree felony to a first-degree felony for purposes of habitual felony offender sentencing. We determined, instead, that the statute only provided for an enhancement of the sentence to be imposed. Accord Watson v. State, 681 So.2d 823 (Fla. 2d DCA 1996).[1] We concluded, therefore, that the trial court in that case had two options: use the enhanced penalty provisions of the statute and impose a guidelines sentence not exceeding thirty years or use the second-degree felony conviction to impose a habitual offender sentence not exceeding thirty years. See also Williams v. State, 658 So.2d 612 (Fla. 2d DCA 1995) (relying on Spicer for same sentencing proposition). Accordingly, based on the indistinguishable holding in Spicer, we vacate appellant’s sentences and remand for resentencing in conformity with that decision.[2]
Affirmed in part, reversed in part, and remanded for resentencing.
DANAHY, A.C.J., and PARKER, J., concur.

. As noted in Cabal, section 775.0845 has since been amended. 678 So.2d at 317 n. 3. As in Cabal, the amended statute is not at issue in this appeal. Id.

. We note that although we decided Spicer subsequent to appellant's sentencing, this does not deprive appellant of the right to its benefits in correcting a sentencing error of fundamental dimension. See Hamm v. State, 380 So.2d 1101, 1102 (Fla. 2d DCA), appeal dismissed, 383 So.2d 1203 (Fla.1980); accord Freeman v. State, 382 So.2d 1307 (Fla. 3d DCA 1980), review denied, 401 So.2d 1334 (Fla.1981).