PER CURIAM.
Appellant, Jermaine Finch, was tried by jury and convicted of strong arm robbery with a mask. We affirm the conviction, but reverse his sentence and remand for preparation of a new guidelines scoresheet to be used at his resentencing. Appellant’s second degree strong arm robbery conviction was erroneously scored as a first degree felony (level seven offense — 42 points), rather than as a second degree felony (level six — 36 points). Pursuant to section 775.0845, Florida Statutes (1993), the maximum penalty for the crime of committing a robbery while wearing a mask may be enhanced to that of a first degree felony, but the offense may not be reclassified as such. See Cabal v. State, 678 So.2d 315 (Fla.1996); Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993).[1] The correct *1068 ly calculated scoresheet should reflect a guidelines incarceration range of between 73.8 and 123 months. Since appellant was sentenced to 125 months, his sentence amounted to an upward departure from the guidelines without written reasons.
Because the transcript of the hearing indicates that the trial judge was not aware that he was imposing a departure sentence, upon remand, the trial judge will be permitted to consider whether departure is appropriate, and if so, to set forth valid, written reasons for the departure so as to accomplish his original sentencing goals for appellant. See State v. Betancourt, 552 So.2d 1107 (Fla. 1989).
Affirmed in part, reversed in part and remanded.[2]
GLICKSTEIN, KLEIN and STEVENSON, JJ., concur.

. Section 775.0845 was amended in 1995 and may now require reclassification, although in the *1068 Cabal decision the supreme court expressly declined to consider whether the amended statute requires reclassification because there, as here, the earlier version of the statute applied. 678 So.2d at 317 n. 3.

. On remand the trial judge- is instructed to correct Finch's judgment of conviction to reflect that he was convicted of a second degree felony, not a first degree felony.