714 So.2d 643 (1998)
Michael McDONALD, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-717.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Michael McDonald, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before NESBITT, JORGENSON and SORONDO, JJ.
PER CURIAM.
Michael McDonald appeals from an order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). McDonald entered a guilty plea to the offenses of robbery and possession of flunitrazepam in case number 96-560 and possession of a firearm by a convicted felon in case number 96-30182. The State agreed to the imposition of a guidelines sentence. He was sentenced to a split sentence of 56 months in state prison followed by ten years and four months of probation on count one of each information, with a concurrent sentence of 56 months on count two in case number 96-560. McDonald raises two issues on appeal: (1) whether he was improperly assessed 56 points on his sentencing guidelines scoresheet for his primary conviction of robbery; and (2) whether he was improperly assessed 18 points for the possession of a firearm. We affirm in part and reverse in part.
McDonald's first contention, that his primary offense should have been scored 36 points (as a level 6 offense rather than a level 7 offense), is without merit. Although the information referred to the wrong statute, the body of the information alleged that McDonald committed the robbery while wearing a mask. This offense occurred on May 8, 1996. Section 775.0845, Florida Statutes (1995), was amended effective October 1, 1995, to clarify that "for the purposes of sentencing under chapter 921 ... a felony offense which is reclassified under this subsection is ranked one level above the ranking under s. 921.0012 or s. 921.0013 of the offense committed." The decision in Cabal v. State, 678 So.2d 315 (Fla.1996), which held that the prior version of section 775.0845 acted to enhance a sentence rather than to reclassify the degree of offense, did not address whether the 1995 amendment acted to require reclassification. See Cabal, 678 So.2d at 317 n. 3. In 1997, the legislature further amended section 775.0845 in response to the dicta in Cabal, to clarify that its intent was not to enhance a penalty but to reclassify an offense *644 to the next higher degree. See ch. 97-39, Laws of Fla. As section 775.0845 acted to reclassify McDonald's robbery conviction from a second degree felony to a first degree felony, the trial court properly scored 56 points for this offense. See § 921.0013, Fla. Stat. (1995).
McDonald next contends that he should not have been assessed an additional 18 points on the sentencing guidelines scoresheet for possession of a firearm pursuant to Florida Rule of Criminal Procedure 3.702(d)(12), where his conviction for possession of a firearm by a convicted felon was unrelated to the commission of any additional substantive offense.[1] The Supreme Court of Florida recently approved the decision upon which McDonald relies, Galloway v. State, 680 So.2d 616 (Fla. 4th DCA 1996), and held in White v. State, 714 So.2d 440 (Fla.1998), that it is error for a trial court to assess additional sentencing points for possessing a firearm where the sole underlying crime is possession of a firearm by a convicted felon.[2] The Court determined that rule 3.702(d)(12) and section 921.0014, Florida Statutes (1995), do not contemplate the addition of sentencing points for carrying or possessing a firearm where the carrying or possession of a firearm is the essential element of the underlying offense. Id. at S313, at 444. Therefore, we reverse McDonald's sentence and remand for a recalculation of his guidelines score and the imposition of a new sentence.
In so doing, we are aware that in case number 96-30182 McDonald was initially charged with two offenses: possession of a firearm by a convicted felon and possession of marijuana in excess of 20 grams. If he had been convicted of both offenses, the assessment of 18 points on his sentencing guidelines scoresheet for the possession of a firearm would have been appropriate pursuant to rule 3.702(d)(12) and section 921.0014. However, the marijuana charge was nolle prossed by the state during the sentencing hearing. We are unable to ascertain from the record whether this nolle prosequi was entered as a part of the plea bargain. If the state nolle prossed that count based on the understanding that McDonald would accept the addition of the 18 points that are at issue here, then the frustration of that expectation should allow the state to reinstate the possession of marijuana charge. If the state elects to reinstate the charge, McDonald should be allowed to withdraw his plea. If the state does not so elect, then the trial court should recalculate McDonald's guidelines scoresheet without the additional 18 points for the possession of a firearm and resentence him accordingly.
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] The offenses charged in case number 96-560 occurred on a different date and the use of a firearm was not alleged.
[2] We note that conflict between the districts on this point had not been resolved at the time this claim was before the trial court.