FLETCHER, Judge.
In this appeal from an order denying appellant’s motion for post-conviction relief, the defendant contends among other things that the trial court erred by reclassifying to a first-degree felony his conviction for robbery with a hood or mask, a second-degree felony. The record reflects that in doing so the trial court relied on section 775.0845, Florida Statutes (1993), which imposes an enhanced penalty for wearing a mask while committing a felony. However, as the supreme court concluded in Cabal v. State, 678 So.2d 315, 317 (Fla.1996):
“We find that the plain language of section 775.0845, which is entitled ‘Wearing mask while committing offense; enhanced penalties ’ (emphasis added), requires that the penalty be increased rather than the offense reclassified.”
See also Woods v. State, 654 So.2d 606 (Fla. 5th DCA 1995); Archibald v. State, 646 So.2d 298 (Fla. 5th DCA 1994); Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993).
Notwithstanding, the State argues that the sentence is still lawful as the defendant was sentenced to twenty years as an habitual offender, pursuant to section 775.084(4)(a)2, Florida Statutes (1993), whereas he could have been sentenced to thirty years as an habitual offender for this second-degree felony. True though this may be, the defendant is entitled to have an accurate and correct record of his proceedings and to be sentenced thereon. We do not know how an incorrect record would affect the defendant in the future. For example, in Archibald v. State the court observed that the improper reclassification of Archibald’s offense and his resultant punishment affected his gain time, controlled release eligibility, and other matters. Archibald, 646 So.2d at 298. With matters of punishment being in an apparent state of flux, it is necessary to have proper records with proper results.
For the foregoing reasons the sentence is reversed and remanded to the trial court with instructions to grant the post-conviction motion only for correction of the defendant’s record and for resentencing. In all other respects the order denying defendant’s post-conviction motion is affirmed.