738 So.2d 981 (1999)
James NEWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02417.
District Court of Appeal of Florida, Second District.
July 9, 1999.
Rochelle L. Lefler of Dixon, Lefler & Lorenzen, P.A., Tampa, for Appellant.
*982 Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
James Newman received concurrent life sentences as a habitual violent felony offender following his convictions on three counts of sexual battery, multiple perpetrators. We reverse the sentences and remand for resentencing.
Newman's convictions were for second degree felonies punishable by up to fifteen years' imprisonment. See sections 794.011(5), 775.082(3)(c), Florida Statutes (1997). However, if a defendant has participated in a sexual battery involving multiple perpetrators, his second degree felony offense "shall be punishable as if it were a felony of the first degree." See § 794.023(2)(a), Fla. Stat. (1997). Employing that statute, the trial court reclassified Newman's offenses as first-degree felonies. This, in turn, qualified Newman for life sentences as a habitual violent felony offender pursuant to section 775.084(4)(b)1, Florida Statutes (1997).
Newman contends the trial court erred by treating his offenses as first degree felonies. He argues that the multiple perpetrator statute provides not for reclassification of crimes, but for enhanced punishments. His argument has merit in light of the judicial interpretation and recent history of a similar statute.
Section 775.0845, Florida Statutes (1993), was entitled "Wearing mask while committing offense; enhanced penalties." Its initial paragraph stated that "[t]he penalty for any criminal offense ... shall be increased as provided in this section if, while committing the offense, the offender was wearing a hood, mask, or other device that concealed his identity." The statute went on to direct that a second degree misdemeanor "shall be punishable as if it were" a misdemeanor of the first degree, a first degree misdemeanor "shall be punishable as if it were" a third degree felony, and so forth. In Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993), we held that the foregoing language operated to enhance penalties, not to reclassify crimes. The supreme court came to the same conclusion in Cabal v. State, 678 So.2d 315 (Fla. 1996).
By the time the supreme court announced its decision in Cabal, the legislature had amended the masked perpetrator statute, effective October 1, 1995, by adding the following sentence at its end: "For purposes of sentencing under chapter 921..., a felony offense that is reclassified under this subsection is ranked one level above the ranking under s. 921.0012, s. 921.0013, s. 921.0022 or s. 921.0023 of the offense committed." § 775.0845, Fla. Stat. (1995) (emphasis supplied). The supreme court noted this amendment, but stated:
Although this provision speaks to reclassification, Cabal was sentenced under the 1993 version of the statute, which does not contain that language. Moreover, this boilerplate provision was added to numerous other statutes. See, e.g., § 775.0875, Fla.Stat. (1995); § 775.087, Fla. Stat. (1995). We do not address whether this language acts to require reclassification of an offense to the next higher degree for offenses committed after 1993. We note, however, that the definitive, substantive language of the statute has not been altered.
Cabal, 678 So.2d at 317, n. 3.
At its next regular session following release of the Cabal decision, the legislature amended the masked perpetrator statute again. As a result, section 775.0845, Florida Statutes (1997), is now entitled "Wearing mask while committing offense; reclassification." (Emphasis supplied.) Its opening paragraph provides that an offense committed by a masked perpetrator "shall be reclassified to the next higher degree...." A second degree misdemeanor "is reclassified" to a misdemeanor of the first degree, a first degree misdemeanor "is reclassified" to a third degree felony, and so on. The last sentence of the statute, added in October 1995, continues *983 to refer to "a felony offense that is reclassified under this subsection."
We are not called upon to interpret the masked perpetrator law. Nevertheless, it seems apparent that the legislature amended it in response to Cabal, to make clear that it is a reclassification statute. But such is not so apparent with respect to the multiple perpetrator statute at issue here.
Section 794.023 was one of the statutes amended in October 1995 to include the "boilerplate" language referred to in the Cabal opinion. Otherwise, and in contrast to its masked perpetrator cousin, the multiple perpetrator statute continues to include language that previously caused the masked perpetrator statute to be treated as an enhanced penalty provision. Its title reads "Sexual battery by multiple perpetrators; enhanced penalties." Subsection (1) declares that it is the intent of the legislature "to provide enhanced penalties" for sexual batteries committed by multiple perpetrators. Subsection (2) provides that "[t]he penalty for a violation of § 794.011 shall be increased" as provided thereafter. Subsection (2)(a) states that a second degree felony "shall be punishable as if it were" a first degree felony.
The legislature is deemed to be aware of judicial interpretations of its enactments. See Ford v. Wainwright, 451 So.2d 471, 475 (Fla.1984). This principle is amply demonstrated by the lawmakers' amendments to the masked perpetrator statute in response to the Cabal decision. In light of this, the legislature's failure to make corresponding changes to the multiple perpetrator law speaks almost as loudly as its expressed declaration that the intent of that statute is to enhance penalties. See § 794.023(1), Fla. Stat. (1997).
The State reminds us that in Cabal the supreme court did not interpret the language added to the end of this and several other statutes in October 1995, which speaks to reclassification. The State also points out that Florida Rule of Criminal Procedure 3.703(d)(11) states that an "increase in offense severity level may result from a reclassification of felony degrees pursuant to 775.0845, 775.087, 775.0875, or 794.023 [,]" and that rule 3.703(c)(2) provides that "[a]n offense does not become unlisted and subject to the provisions of section 921.0013, because of a reclassification of the degree of felony pursuant to section 775.0845, section 775.087, section 775.0875 or section 794.023." (Emphases supplied.) We note that language corresponding to the latter rule provision has been included in section 921.0022(2), Florida Statutes (Supp.1998).
The foregoing provisions do not compel a conclusion that section 794.023 effected a reclassification of Newman's offenses. The October 1995 amendment refers to reclassification "[f]or purposes of sentencing under chapter 921." Rule 3.703 implements the sentencing guidelines contained in chapter 921. See Fla. R.Crim. P. 3.703(1). Here, Newman was not sentenced under chapter 921; he was sentenced as a habitual violent felony offender under section 775.084(4)(b). Moreover, "reclassification" expressly for purposes of sentencing does not necessarily mean reclassification for all purposes, and is not inconsistent with a construction of the statute as a penalty enhancement provision.
On the other hand, if we were to ascribe to those provisions the meaning urged by the State, they would conflict with the declaration in subsection (1) that the statute was enacted to "provide enhanced penalties." See § 794.023(1), Fla. Stat. (1997). This would create an ambiguity which, under the rule of lenity, must be resolved in favor of the defendant. See § 775.021, Fla. Stat. (1997); Cabal, 678 So.2d at 318; Schloesser v. State, 697 So.2d 942, 943 (Fla. 2d DCA 1997).
For all the foregoing reasons, we conclude that section 794.023 is a penalty enhancement statute, and that the trial court erred by reclassifying Newman's crimes to first degree felonies. Properly classified as second degree felonies, Newman's offenses qualified him for sentencing as a habitual violent felony offender to terms *984 not exceeding 30 years' imprisonment, without eligibility for release for 10 years. See § 775.084(4)(b)2, Fla. Stat. (1997). We note that if Newman were to be sentenced under the sentencing guidelines without the habitual violent felony offender designation, his 486.6 total sentence points would permit the court in its discretion to impose a life sentence. See § 921.0014(2), Fla. Stat. (1997).
Finally, the sentencing documents in this case incorrectly state that Newman was sentenced as a habitual felony offender, and the judgment of conviction incorrectly denotes the degree of Newman's offenses as life felonies. Our disposition of this case renders the first of these scriveners' errors moot. On remand, the judgment of conviction shall be corrected to reflect that Newman was convicted of second degree felonies.
Sentences reversed; remanded for resentencing.
PATTERSON, C.J., and PARKER, J., Concur.