W. SHARP, J.
Keaton appeals from a denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 for post conviction relief. We affirm in part, and reverse as to the two sentencing error issues raised in grounds 11 and 12 of Keaton’s motion: that the trial court erroneously thought it had no discretion but to impose the minimum mandatory term under the habitual violent felony offender statute; and that the two life sentences he received under the habitual violent offender statute for sexual battery exceed the enhanced statutory maximum sentence of thirty years for a second degree felony.
With regard to ground 11, Keaton was sentenced as a habitual violent felony offender,[1] for a second degree felony sexual battery crime, and he was sentenced to thirty years in prison with a ten year minimum term. Keaton was also sentenced as a habitual violent offender for a kidnapping conviction and two other sexual battery convictions, for which he received sentences of life imprisonment with 15 year minimum terms. The trial court below stated it was required by the statute to impose the minimum mandatory terms once it decided to sentence under the habitual violent offender subsection. That is contrary to the holding in State v. Hudson, 698 So.2d 831 (Fla.1997). In that case, the court held that the trial court’s sentencing discretion in determining the appropriate term of incarceration under the habitual offender statute extends to determining whether to impose a minimum mandatory term.
In this case, that issue can be raised in a 3.850 proceeding. In Newell v. State, 714 So.2d 434 (Fla.1998), the court held that the law was unclear in 1995 as to whether trial courts must impose the mandatory minimum sentences on habitual violent offenders. Thus defendants who failed to raise that claim in their direct appeals could raise it in a motion for post-conviction relief. Keaton was sentenced in 1995 when the law on this issue was not clear. See Martin v. State, 608 So.2d 571 (Fla. 5th DCA 1992), disapproved, State v. Hudson.
With regard to ground 12, it appears that Keaton was convicted of three sexual batteries which were second degree felonies. Under the habitual violent offender statute, the maximum penalty for a second degree felony is thirty years incarceration. See § 775.084(4)(b)(2), Fla. Stat. (1997). In this case, the trial court reclas *1237 sified two of the second degree felonies to first degree felonies based on the statute which authorizes an increased penalty for sexual battery offenses committed by more than one person. See § 794.023(2)(a), Fla. Stat. (1997).
However, section 794.023(2)(a) is not a felony reclassification statute. It only provides that a second degree felony may be punished “as if’ it were a first degree felony. Had Keaton not been sentenced as a habitual offender, the court could have imposed a thirty-year sentence for each of the second degree felonies, thereby punishing Keaton as if he had committed first degree felonies. Pursuant to the habitual violent felony offender statute, the court was also allowed to impose thirty years incarceration for the second degree felonies.[2] However, the trial court could not, as it apparently did here, reclassify the second degree felonies to first degree felonies and then sentence under the habitual violent felony offender statute to life imprisonment — as would have been appropriate had Keaton been convicted for first degree felonies. See Newman v. State, 738 So.2d 981 (Fla. 2d DCA 1999); Archibald v. State, 646 So.2d 298 (Fla. 5th DCA 1994).
Accordingly, we reverse the order denying relief on grounds 11 and 12 and affirm the balance of the appealed order. The case is remanded to the trial court for resentencing: (1) to exercise the court’s discretion as to whether to impose the minimum mandatory terms under the habitual violent offender statute; and (2) to correct the life sentences imposed for the two sexual battery convictions which were • second degree felonies.
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
PETERSON and GRIFFIN, JJ., concur.

. § 775.084(l)(b), Fla. Stat. (1997).

. § 775.084(4)(b)(2), Fla. Stat. (1997).