FULMER, Judge.
Bobby Lee Adams appeals the order granting in part and denying in part his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We treat Adams’ motion as filed under Florida Rule of Criminal Procedure 3.800 and reverse and remand for entry of a corrected judgment and sentence.
In 1990, the State charged Adams, by information, with burglary pursuant to section 810.02(3) and robbery pursuant to section 812.13(1) and (2)(e), Florida Statutes (1989), both second-degree felonies. The information alleged that during the commission of each offense, Adams wore a mask, in violation of section 775.0845, Florida Statutes (1989).[1] Adams pleaded guilty to these offenses as charged in Circuit Court Case No. 90-6148. On the written judgment, the offenses were listed as burglary of a dwelling with a mask and robbery with a mask and were classified as first-degree felonies, presumably pursuant to section 775.0845(4).[2] Adams was sentenced as a habitual violent felony offender to two concurrent terms of natural life with fifteen years’ minimum mandatory. Adams appealed the sentences for these crimes, and this court reversed for resen-tencing because the trial court may not have understood that life sentences imposed pursuant to the habitual violent offender statute were discretionary. See Adams v. State, 609 So.2d 176 (Fla. 2d DCA 1992). Upon remand, in 1993, the trial court once again imposed life sentences.
*386 In 1997, Adams filed his rule 3.850 motion claiming the sentences for these offenses were illegal.[3] In his motion, Adams challenged his sentences on two grounds: (1) that the offenses were erroneously reclassified to first-degree felonies for use of a mask and then further enhanced to life felonies under the habitual violent felony offender statute, section 775.084, Florida Statutes (1989); and (2) that he was unconstitutionally sentenced as a habitual violent felony offender based upon his prior aggravated battery conviction.
The trial court granted relief on ground one based on Solone v. State, 686 So.2d 719 (Fla. 2d DCA 1997), and reduced Adams’ sentences to thirty years. Solone explains that section 775.0845(4) provides only for an enhancement of the sentence to be imposed when a mask is used in the commission of certain offenses, and may not be used to reclassify a second-degree felony to a first-degree felony for the purpose of habitual offender sentencing. Thus, the trial court recognized that under Solone, two sentencing options are available: “use the enhanced penalty provisions of the statute and impose a guidelines sentence not exceeding thirty years or use the second-degree felony conviction to impose a habitual offender sentence not exceeding thirty years.” Id. at 720. We agree with the trial court’s recitation of the permissible options available for resen-tencing and its determination that the life sentences Adams received were illegal. We reverse, however, because upon resen-tencing, the trial court once again imposed an illegal sentence.
At the beginning of the resentencing hearing, the State reviewed the case for the court and explained that:
Mr. Adams utilized a mask during those crimes .... We uped the second-degree felony to a first, then he was also habit-ualized, and Judge Graybill gave him life and — as opposed to 30 years maximum. And you, in your order, had specifically said on those two cases .. .you asked that he be resentenced within the 30 years if we were going to maintain the enhancement of the mask which we are going to do and give him 30 years maximum on both of those cases.
(Emphasis supplied). When the trial court announced that it was changing the life sentences to thirty-year sentences, the clerk asked, “That’s not habitual or anything?” The trial court initially responded, “No, 30 years straight.” The State, however, advised the court that “it can be as a habitual.” Based on the State’s advice, the court designated the sentences to be served as a habitual offender.
Under Solone, it was error for the trial court to maintain the enhancement for the use of a mask and to designate that the sentences be served as a habitual offender. Therefore, we reverse and remand for entry of an amended sentence that removes the habitual offender designation.
We also remand for correction of the judgment. At the time the trial court resentenced Adams, an amended sentence was entered but no amended judgment was entered. As we have previously explained, it was error for the trial court to reclassify the offenses from second-degree *387 felonies to first-degree felonies because section 775.0845(4) provides for an enhanced sentence, not a reclassification of the level of offense. See Cabal v. State, 678 So.2d 315 (Fla.1996). Thus, the judgment must be corrected to classify the offenses as second-degree felonies.
Although we agree with the trial court’s ruling on ground two of Adams’ motion, our disposition of Adams’ sentences renders that claim moot; therefore, we do not address it.
Reversed and remanded for correction of the judgment to reflect second-degree felonies and for entry of an amended sentence that removes the habitual offender designation. Adams need not be present.
Reversed and remanded with directions.
PARKER, A.C.J., and WHATLEY, J., Concur.

. As noted in Solone v. State, 686 So.2d 719, 720 n. 1 (Fla. 2d DCA 1997) and Cabal v. State, 678 So.2d 315, 317 n. 3 (Fla.1996), section 775.0845 has been amended. The amended statute, however, is not at issue in this appeal.

. Under subsection four of this statute, any person who commits a second-degree felony while wearing a mask shall be subjected to punishment as if the offense were a felony of the first degree, which is punishable by no more than thirty years’ imprisonment in accordance with section 775.082(3)(b), Florida Statutes (1989).

. We note that Adams' rule 3.850 motion was time-barred. In his rule 3.850 motion, Adams alleged that he appealed the 1993 sentence. However, the appeal to which Adams cited, Adams v. State, 658 So.2d 1113 (Fla. 2d DCA 1995), did not include case number 90-6148. Thus, Adams never filed a direct appeal from his 1993 sentence, and his rule 3.850 motion was time-barred when it was filed in 1997. Apparently, without realizing that the motion was untimely under rule 3.850, the trial court ruled on the merits of the motion and entered the order on appeal. The trial court could have treated the motion as a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800 because Adams asserted that his sentences were illegal and, in fact, they are. Accordingly, we treat this appeal as an appeal of the denial of a rule 3.800 motion. See Hidalgo v. State, 729 So.2d 984, 985 (Fla. 3d DCA 1999)(treating rule 3.850 motion filed five years after imposition of sentence without providing any excuse for the delay as a motion to correct sentence under rule 3.800).