DAVIS, Judge.
James Newman appeals the sentence imposed following this court’s mandate. We affirm the sentence but remand for correction of the guidelines scoresheet.
Newman was convicted of three counts of sexual battery involving multiple perpetrators. Although sexual battery is a second-degree felony, the trial court reclassified these offenses to first-degree felonies because they involved multiple perpetrators, § 794.023(2)(a), Fla. Stat. (1997), and sentenced Newman to three life sentences as a habitual violent felony offender.
In Newman v. State, 738 So.2d 981 (Fla. 2d DCA 1999), this court reversed Newman’s sentences, finding that section 794.023(2)(a) was an enhancement statute, not a reclassification statute. On remand for resentencing, the trial court relied on the original scoresheet, but did not reclassify the charges. The three sexual batteries were thus scored as second-degree felonies, not first-degree felonies as before. The points total on the revised scoresheet was 486.6 points, which was still far in excess of the 363 that would permit imposition of a life sentence. The court again imposed life imprisonment on each charge.
In the instant challenge to his sentence, Newman contends that the trial court should not have scored as prior record certain convictions from North Carolina. Newman’s counsel objected to scor *464 ing the North Carolina charges on two grounds. First, she suggested that the convictions were not properly proven to be Newman’s because of the inadequate fingerprint identification. Additionally, she argued that, according to the face of the record, Newman had been convicted of these prior offenses without the assistance of counsel and, moreover, nothing in the record revealed a valid waiver of counsel. The trial court overruled both objections.
Although our review of the record reveals that Newman is correct that the trial court erred in scoring these prior convictions, any error is harmless because removal of all of the challenged offenses from the scoresheet still yields a total point score of 396 points, which far exceeds the 363 points required to justify a life sentence. Accordingly, we affirm. See Huffman v. State, 611 So.2d 2, 3 (Fla. 2d DCA 1992).
The record reveals that the State introduced the testimony of a fingerprint expert to confirm the legitimacy of the North Carolina convictions. However, the document that he examined from North Carolina was not attached to nor did it refer to the certified copy of the prior convictions provided by the State. In fact, the only charge listed on the fingerprint card was an embezzlement charge that is shown on the certified record as being nolle pressed. Accordingly, even though Newman’s known fingerprints matched the card sent from North Carolina, the fingerprint record did not support a finding that the convictions listed in the certified record were those of the person whose prints were on the card. Additionally, nothing in the record demonstrated that Newman either had the assistance of counsel or validly waived such assistance in the proceedings leading to these prior convictions. Accordingly, the prior North Carolina offenses should not have been scored.
Newman also challenges the trial court’s scoring of victim injury points for multiple perpetrators. However, this was not error because Newman was charged as a principal on each count. Clifford v. State, 518 So.2d 983 (Fla. 2d DCA 1988).
Therefore, we affirm the sentence but remand for correction of the scoresheet.
Affirmed and remanded with directions.
FULMER, A.C.J., and WHATLEY, J., concur.