STRINGER, Judge.
Tirrance G. Cooper appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Cooper was convicted of armed robbery with a firearm, felon in possession of a firearm, and eight counts of kidnapping. He was sentenced to life as a habitual violent felony offender on each count. Cooper now alleges that his sentences are illegal. We affirm in part and reverse in part the trial court’s order.
Cooper first alleges that his habitual violent felony offender sentences are illegal under State v. Thompson, 750 So.2d 643 (Fla.2000). Cooper’s offenses occurred during the Thompson window. The trial court denied the motion finding that, contrary to Cooper’s assertion, he was not habitualized based on a prior conviction of aggravated stalking and was therefore not entitled to resentencing under Thompson. This is legally correct and may be factually correct as well. Unfortunately the trial court failed to attach any record documents supporting this factual assertion. We therefore must reverse and remand for further proceedings. If the trial court again denies this claim, it must attach record documents conclusively showing that Cooper’s habitual sentence was not imposed based upon an aggravated stalking conviction.
Cooper next alleges that his sentences are illegal because the trial court enhanced the convictions from second-degree felonies to first-degree felonies under section 775.0845, Florida Statutes (1995), and then again enhanced them to life felonies under the habitual offender statute. The trial court denied this claim as to the armed robbery and kidnapping convictions correctly finding that both are first-degree felonies absent any enhancement or reclassification, see § 812.13(2) (a) and § 787.01(2), Fla. Stat. (1995), and that as first-degree felonies, they were punishable by life under the habitual offender statute.[1] See § 775.084, Fla. Stat. (1995). We therefore affirm the order as to this claim as it relates to the armed robbery and kidnapping convictions.
The trial court did not address this claim as to the conviction for felon in possession of a firearm which is, as Cooper alleges, a second-degree felony. See § 790.23, Fla. Stat. (1995). According to the attached judgment, however, this conviction was not enhanced pursuant to section 775.0845. Based on the face of the judgment and sentence, the habitual life sentence for a second-degree felony is illegal. See § 775.084 (providing that the maximum habitual violent félony offender sentence that may be imposed on a second-degree felon is thirty years). We therefore reverse and remand for further proceedings. On remand the trial court must *245 either resentence Cooper on the felon in possession of a firearm conviction to a sentence that does not exceed the maximum provided for by section 775.084 or attach record documents conclusively demonstrating that the life sentence is legal.[2]
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J., and GREEN, J., Concur.

. Both are also punishable by life absent ha-bitualization. See § 812.13(2)(a), Fla. Stat. (1995) (providing that armed robbery with a firearm is a first-degree felony punishable by life); § 787.01(2), Fla. Stat. (1995) (providing that kidnapping is a first-degree felony punishable by life).

. Because it is not properly before us, we do not address whether the conviction for felon in possession of a firearm can be reclassified to a first-degree felony pursuant to section 775.0845, Florida Statutes (1995), and then be subjected to the habitual sentence for a first-degree felony. We note, however, that the cases relied upon by Cooper interpreted a prior version of the statute and do not control here. See Solone v. State, 686 So.2d 719, 720 n. 1 (Fla. 2d DCA 1997) (noting that the amended version of section 775.0845 is not an issue in that appeal); Adams v. State, 775 So.2d 385, 385 n. 1 (Fla. 2d DCA 2000) (noting that the amended version of section 775.084 is not an issue in that appeal).