838 So.2d 624 (2003)
Andrew J. SUMPTER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4403.
District Court of Appeal of Florida, Fourth District.
February 26, 2003.
Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.
Charlie Crist, Attorney General, Tallahassee, and Karen Finkle, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
We affirm appellant's conviction of robbery while wearing a mask to conceal his identity.
The trial court did not abuse its discretion in its denial of a cause challenge to juror Mellon, or of a motion for mistrial directed at the comment of a police officer during his direct examination. As to the police officer's comment, the trial court sustained defense counsel's objection and gave a curative instruction to the jury. The comment was unsolicited and isolated. The state did not focus on the comment to obtain a conviction. The audio tape that was played to the jury without objection echoed the comment of the police officer during his testimony.
As the state concedes, appellant should be resentenced under a corrected scoresheet. The primary offense was incorrectly scored. Appellant was convicted of robbery while wearing a mask under section 812.13(2)(c), Florida Statutes (2001). The offense level for this type of robbery is six. See § 921.0022(3)(f), Fla. Stat. (2001). Applying section 775.0845, Florida Statutes (2001), the robbery is "reclassified" and "ranked one level above the ranking under... s. 921.0022 ...," resulting in a level of seven. See Fla. R. Crim P. 3.704(d)(11).
Appellant cites to Finch v. State, 693 So.2d 1067 (Fla. 4th DCA 1997) and Spicer v. State, 615 So.2d 725 (Fla. 2d DCA 1993). Both cases stand for the proposition that robbery committed while using a mask may not be reclassified as a first-degree felony. However, both cases were decided prior to the amendment of section 775.0845. In 1995, section 775.0845, Florida *625 Statutes (1995) was amended to clarify that "[f]or the purposes of sentencing under chapter 921 ... a felony offense that is reclassified under this subsection is ranked one level above the ranking under ... s. 921.0022 of the offense committed." (Emphasis added).
The prior version of section 775.0845 applied in Finch and Spicer, required that a penalty be increased rather than reclassified when committed while using a mask. See Cabal v. State, 678 So.2d 315, 316-18 (Fla.1996). After the amendment, it is clear that the statute requires a scoresheet classification to be moved up one level if a defendant is convicted of wearing a mask during the commission of a crime. See Newman v. State, 738 So.2d 981, 983 (Fla. 2d DCA 1999); McDonald v. State, 714 So.2d 643, 643-44 (Fla. 3d DCA 1998).
As the state concedes, the scoresheet also erroneously included offenses committed after the instant offense as part of appellant's prior record. The armed robbery in this case occurred on July 1, 2000. The armed robbery that was scored as a prior robbery occurred on July 16, 2000. It is therefore not a prior offense. See Fla. R. Crim P. 3.704(d)(14); § 921.0021(5), Fla. Stat. (2001); see also Sumpter v. State, 838 So.2d 615 at 616, (Fla. 4th DCA 2003).
On remand, appellant may be sentenced by the same judge who originally pronounced sentence. Contrary to appellant's contention, Seays v. State, 789 So.2d 1209 (Fla. 4th DCA 2001) and Epprecht v. State, 488 So.2d 129 (Fla. 3d DCA 1986), do not require resentencing before a different judge. Both of these cases involved due process violations in sentencing. In Seays, it appeared that the trial court had improperly considered a pending murder charge of which the appellant was eventually acquitted; in Epprecht, the record demonstrated that the trial court had improperly taken into account prior charges of which the defendant was acquitted. Here, appellant was convicted of the July 1, 2000 robbery on September 11, 2001, and sentenced on October 12, 2001. The other offense incorrectly included as part of the prior record occurred on July 16, 2000, with the appellant convicted on June 26, 2001, and sentenced on July 30, 2001. To say that the July 16, 2000 robbery is not a prior offense for the purpose of the scoresheet in this case, is not to say that the trial court cannot take that other robbery into consideration at sentencing.
Affirmed in part, reversed in part, and remanded for resentencing.
MAY, J., and DAMOORGIAN, and DORIAN, Associate Judge, concur.