SALCINES, Judge.
Tirrance Cooper challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment as to four of his claims. We reverse as to the remaining claim.
On April 24, 1996, the day after he was released from prison, Cooper committed an armed robbery at a supermarket. He held the employees at gunpoint and forced them into a freezer. A jury subsequently found him guilty of armed robbery with a firearm, eight counts of armed kidnaping, and trespass within a structure with a human inside. Cooper was sentenced as a habitual violent felony offender to concurrent life sentences on the felony charges and to time served on the misdemeanor trespass charge.
Before trial, Cooper pleaded to one count of felon in possession of a firearm, a second-degree felony. The plea form eor- *287 rectly indicated that the statutory maximum for such an offense is fifteen years. Cooper was subsequently sentenced to life in prison as a habitual violent felony, offender. He then filed a motion to correct illegal sentence, which was denied by the trial court. On appeal, this court concluded that a habitual life sentence for a second-degree felony conviction was illegal. See Cooper v. State, 800 So.2d 243 (Fla. 2d DCA 2001). Section 775.084, Florida Statutes, provides that the maximum habitual violent felony offender sentence that may be imposed for a second-degree felony is thirty years. On resentencing, Cooper was sentenced to thirty years.
Cooper now claims that the court’s enhancement and habitual violent felony offender sentences on the convictions for armed kidnaping were illegal. Section 787.01(2), Florida Statutes (1995), states that kidnaping is a first-degree felony punishable by a term of years not exceeding life. Because Cooper was armed, the offense would be enhanced to a life felony under section 775.087(l)(a), Florida Statutes (1995). However, at the time of Cooper’s sentencing, an HVFO sentence could not be imposed for a life felony. The imposition of a habitual violent felony offender sentence for a life felony can be challenged under the authority of State v. Thompson, 750 So.2d 643 (Fla.1999), if the life felony was committed between October 1, 1995, and May 24, 1997. Cooper committed these crimes on April 24, 1996. Therefore, his sentence for the armed kid-naping charges must be reversed.
Affirmed in part, reversed in part, and remanded.
STRINGER and SILBERMAN, JJ., Concur.